## CLEMENTS V. CRAWFORD AND HINES.

1. It is necessary to give notice to the plaintiff, when a motion is made to enter satisfaction of record, if the satisfaction is by some extrinsic matter.

2. When judgment is obtained against the second endorser of a bill of exchange, and he supersedes it, by giving the statutory bond, and suing out a writ of error, if the judgment is affirmed, with ten per cent. damages, he is not entitled to have satisfaction entered, because a judgment for the sum due on the bill, is subsequently obtained against, and satisfied by the first indorser.

3. The *damages allowed on* the affirmance of a judgment, are not an incident of the principal demand; they are given as a penalty, and intended as a compensation for the delay consequent on the prosecution of a writ of error.

Writ of error to the Circuit Court of Bibb County.

MOTION to enter satisfaction of a judgment obtained by Clements against Crawford, as the second indorser of a bill of exchange for two thousand five hundred dollars. The facts of the case are stated in the judgment entry, and are as follows:

The judgment against Crawford was taken to the supreme court by writ of error; Hines being the security on the writ of error bond. When the suit was commenced against Crawford, other actions were also instituted against the acceptor and drawer of the bill; judgments were recovered against them, which were also taken to the supreme court, and the three judgments were severally affirmed with ten per cent. damages, at the June Term, 1836. A suit was likewise commenced against David R. Boyd, the first indorser of the same bill; he died before judgment, and the suit was revived against Josiah Mayberry, his administrator, against whom judgment was recovered at the October Term, 1838, for three thousand three hundred and seventeen dollars, of which the plaintiff remitted all but two hundred and fifty dollars. This sum, with all accruing interest, was paid on an execution returnable to the April Term, 1839.

There was no other showing of payment or satisfaction, either in this case, or of the suits against the drawer and acceptor of the same bill.

No notice to Clements of the motion, is found in the record nor is any stated to have been given, unless it can be inferred from the judgment entry, which recites " that on the hearing of the motion, it appeared," &c.

The circuit court ordered satisfaction to be entered on the judgment against Crawford and Hines, for all the damages therein mentioned.

Clements assigns the omission of notice to him, and the decision made by the circuit court as error.

PECK, for the plaintiff in error, was stopped by the court.

STEWART, contra, insisted, that the presence of both parties, ought to be inferred, because the motion was determined on a hearing of the cause. If this presumption could not be drawn he submitted, that notice was unnecessary, because all courts possess the power to perfect their records, and a party once before it, continues so until the final satisfaction.

On the main question, he argued, that but one satisfaction could be had on this bill of exchange, and if it was paid by either party, all the parties subsequent to him were entitled to the benefit of the payment, as against the plaintiff; that the damages given on the affirmance of the judgment against Crawford were only incidental to the debt, and were therefore extinguished when the judgment against Boyd's administrator, was satisfied.

GOLDTHWAITE, J.—1. The necessity to give notice to Clements of this motion in order to sustain the judgment, is shewn by the case of Baylor v. McGregor & Darling, [1 S. & P. 158] in which the precise question was raised and determined.

The terms used in the judgment entry, are as applicable to an *ex parte* hearing, as they would be to a consideration of a cause when all the parties were before the court. It is not improbable that the plaintiff may have been represented when the motion was heard, but this is not shown to be so by the record; the

omission of notice would be conclusive even if the merits seemed to be with the defendants in execution.

As the main question has been very fully argued, and may be again presented, we deem it proper to consider its merits as disclosed by the record, and considered in argument.

2; 3. It is assumed that the damages given on the affirmance of a judgment, must be considered as a mere incident to the principal demand, and therefore, the discharge of the prinpal demand is the discharge of the damages incurred by the affirmance of the original judgment. Neither the assumption, or the conclusion drawn from it, are warranted by any terms contained in the statute authorizing damages to be given. Its terms are: "When the supreme court shall entirely affirm any judgment or decree brought before it, the plaintiff in error, if he be the defendant below, shall pay to the defendant in error, *ten per centum* on the amount due, with lawful interest from the time of rendering the original judgment or decree, besides the costs of the original suit and writ of error." A subsequent enactment, permits the damages to be given, only in those cases where the judgment of the inferior court has been suspended. [Aikin's Dig. 257, sec. 19, 20.] If the first enactment had continued, the damages would seem to be a mere penalty for the prosecution of a writ of error which proved to be unsuccessful; but controlled as it now is by the latter provision, it only allows damages in those cases in which the judgment is suspended by the execution of the statutory bond, and in these alone, is delay a necessary consequence of a writ of error.

We apprehend that a party who sues out a writ of error, has no pretext to call for reimbursement, for the cost and damages consequent on the affirmance of the judgment, from another who may be bound to pay the amount of the principal demand, if actually satisfied by the party suing out the writ of error. The right to delay a judgment is incidental to no contract, and if a party standing in the condition we have just stated, cannot recover the costs and damages paid by him, as money laid out for the use of the party liable to him for the principal demand,

we are unable to perceive how it can correctly be assumed, that the damages are incidental to the contract. It is well settled that an indorser who has paid costs, cannot recover the sum paid, from the maker. Simpson v. Griffin, 9 John. 131; Capp v. McDougle, 9 Mass. 1; Steele v. Sawyer, 2 McCord, 459. No distinction, favorable to the defendants, can be drawn between the case of an indorser thus circumstanced, and one who for delay, or for any other cause, chooses to incur the risk of damages by suing out a writ of error. The reason given against the claim of an indorser for reimbursement for costs, is, that they have been unnecessarily incurred by him, and this will apply with equal force, to one who sues out a writ of error, and delays the judgment by giving a superseding bond.

If, it was admitted, the damages are incidental, it does not follow after the penalty has been incurred, that it can be discharged by the payment of the original demand by another party.

If the payment by another could produce such an effect, it would seem to be an absurdity, not to allow a payment, made by the party himself, to produce the same effect.

We are satisfied that the motion should not have been granted on the circumstances disclosed; the judgment of the circuit court is therefore reversed, and the cause remanded.