McKISSACK et al. vs. DAVIS et als.

1. Where a motion is made to enter satisfaction of an execution, whether the alleged satisfaction appears by the sheriff's return or otherwise, the plaintiff is entitled to notice, and an order directing satisfaction to be entered, without such notice, is consequently erroneous.

Error to the Circuit Court of Chambers.     Tried before the Hon. John J. Woodward.

Rice, for the plaintiffs.

Richards, for the defendants.

PARSONS, J.—The plaintiffs in error recovered a judgment against part of the defendants in the court below, and other defendants afterwards became parties by means of a bond for a supersedeas, in which they were sureties.     From this judgment various executions were issued successively, until the spring term 1849, when, on motion of the defendants, the court ordered satisfaction of the judgment to be entered.     This was done on the affidavit of a witness, stating that the same had been paid.     It does not appear that the plaintiffs had any notice of the motion, and therefore the order to enter satisfaction upon an affidavit of payment was clearly erroneous.—Baylor v. McGregor et al., 1 Stew. & Port. 158; Clements v. Crawford, 1 Ala. 581.     It appears, indeed, that the sheriff entered satisfaction on one of the executions, but it was not the one that was issued last.     It distinctly appears, however, that the court did not act upon that entry, but acted solely upon the affidavit of payment. The sheriff's proceedings appear to have been irregular in several respects.     His entry of satisfaction on the execution, under the circumstances, is liable to observations, if it were necessary. The plaintiff had a right to require something more specific from the sheriff, than what appears by his return, if it may be called a return.     Perhaps if the sheriff should be required to state the facts explicitly, it might appear that the execution was not satisfied.     But as the court ordered satisfaction to be entered, that, while in force, deprives the plaintiffs of the chance of having the return amended by the sheriff, and of having another

execution for his debt. Hence, in every case of a motion for an order to have satisfaction entered, whether the fact appears by the sheriff's return or otherwise, it is proper to notify the opposite party.

The order directing satisfaction to be entered is reversed.