ROY *vs.* SEGRIST ET ALS.

1. When a will is admitted to probate without notice having been given to those who are entitled to notice, the probate will be set aside on their application to the court.
2. In such case the party who was entitled to notice may propound his interest to the court by petition, and be made a party to the proceedings so as to sue out a writ of error.
3. The widow *and* next of kin of a decedent are entitled to notice of an application to admit his will to probate. The disjunctive conjunction "*or*," as used in the statute,.(Clay's Dig. 303, § 34,) is a misprint for "*and.*"

ERROR to the Court of Probate of Macon..

JACOB ROY, an infant, by his next friend, petitioned the Court of Probate to set aside the probate of the last will and testament of his grand father, Jacob Segrist, deceased, alleging that he was one of the testator's heirs at law, and that notice had not been given to him of the application to admit the will to probate. The executors appeared and opposed the petition. The court refused to set aside the probate, but allowed. the petitioner to be made a party to the proceedings previously had, and he now sues out a writ of error.

SEABORN WILLIAMS and BELSER & HARRIS, for plaintiff:

1. We assume that it was the duty, under the law, of the executors, when they offered the will for probate, to propound the

Roy v. Segrist et als.

will in writing, with the facts necessary to make it a valid will, and in the same writing to set forth and disclose the names of those entitled to participate in the estate under the statute of distribution, as well as those provided for in the will, and to state which of them are of full age, and which minors. In this mode of procedure the cause of action is distinctly set out, and the names and ages of defendants are given to the court. It is like the commencement of any other suit, and should be subject to the same rules. It would then be the duty of the court to order citations to all living within the jurisdiction of the court, and to appoint guardians *ad litem*, for the minors. To such a mode of procedure no objection could be urged. The courts have not said that the omission to do this would be error, but have said it is the most convenient mode of practice, and have, in quite clear language, intimated that this should be done.

2. When this is omitted, it is within the power of the court, when the fact is brought to its notice at an early stage of the proceedings, to open and set aside a judgment, and allow the minor to be made a party to contest the will. If in the power, it may be that it has the discretion to open the judgment or not. It is imperative on the court, in a case like the present, and not matter of discretion; and from the facts set out in the judgment on the petition, it sufficiently appears that the judgment should have been opened; the necessity of the case is sufficiently shown. And it is no reason to the contrary that the statute gives a remedy in equity.

The statute requires notice to the widow or next of kin. It is contended, on the other side, that the meaning of this statute is, that where there is a widow, she alone is entitled to notice; if no widow, then the next of kin. If this is the meaning of the statute, it is unmeaning. A widow can get rid of the effect of a will by a mere dissent from it, whilst the next of kin are given the right by law to contest. We insist that in this place " or" means " and," and in this way we get at the true meaning of the act alluded to. We go further, and say, that unless the statute declared, in unmistakable words, that the next of kin should not have notice, the next of kin would be entitled, and more especially a minor.—Hill v. Hill, 6 Ala. 166; Shields v. Alston, 4 ib. 248; Watson v. May, 8 ib. 177; Acts of 1849-'50, 26, § 8; Singleton v. Singleton, 8 B. Mun. 340; 5 Sm.

& M. 82; Bothwell v. Hamilton, 8 Ala. 464; Boyet v. Kerr, 7 ib. 15; Lee v. Browning, 15 ib. 496; Hilliard v. Benford, 10 ib. 985; Wilson v. Wilson, at June Term, 1850; Savage v. Benham, 11 Ala. 55; Harrison v. Harrison, 9 ib. 179.

CLOPTON & LIGON, *contra:*

All that the statute requires is that the widow "or" next of kin, either, should be summoned. This construction is supported by the following considerations :

1. The words "widow *or* next of kin" are the identical words used in the statute regulating the grant of letters of administration.—Clay's Dig. 220; § 1. This latter statute was copied from the English statute on the same subject, and when using these words, the Legislature intended the same construction to be given to them which had always been done. As to the construction of this statute, see 2 Stephens' Nisi Prius, 1871; Fawtry v. Fawtry, 1 Salkeld 36, where it is ruled that letters of administration may be granted either to the widow or next of kin, or both, at the election of the ordinary. This view is also supported by the fact that the same necessity for citation exists on the application, either "for the probate of any will," or for letters of administration, (Clay's Dig. 203, § 34,) showing that the Legislature had in contemplation, at the time of the passage of the statute now under consideration, the prior act of 1806, regulating the grant of administration; and therefore, where the same words were used, intended the same construction to be given to them in both acts. Certainly it cannot be contended that it is necessary to give notice of an application for letters of administration to minor grand children when there were surviving children, or that guardians *ad litem* should be appointed. If it is not necessary in the case of an application for letters of administration, it cannot be upon an application for the probate of a will, both being governed by the same statute.

2. The language of the statute in the matter of nuncupative wills is different; the word "and" is used instead of "or," these wills being regarded with less favor by the law.—Clay's Dig., 597, § 3.

3. The meaning of a statute is educed by the same rules of construction as of any other instrument. *Prima facie*, it is understood to mean what its language imports, and the word "or"

is never taken to mean " and," unless the literal construction is insensible, or the statute would be void for uncertainty.—McGraw v. Davenport, 6 Por. 332; Hilliard & Wife v. Buford's Heirs, &c., 10 Ala. 997, dissenting opinion by Justice Ormond, and cases cited by him; Stephens' Commentaries 732 and 627; Bartlett & Warring v. Morris, 9 Por. 268.

4. No injury accrues to the heirs by a failure to give notice, as they can contest the validity of the will by a bill in chancery. —Clay's Dig. 598, § 15. And the probate of a will in the Probate Court is not *prima facie* evidence in a contest in the Chancery Court.—Johnson v. Glascock, 2 Ala. 234.

5. At common law a will was probated in the common form, and in the solemn form. In the common form no citation was necessary.—1 Wms. on Exr's. 188. The probate in the Chancery Court is given in lieu of the solemn form at common law.— Johnson v. Glascock, 2 Ala. 234. This statute is an innovation of the common law, and must be construed strictly.—Lock v. Miller, 3 Stew. & P. 13. Nothing more is required to be done by this statute than a strict construction of the same requires.

6. In none of the decisions of this court concerning this statute did the testator leave a widow, and in that respect the facts of all of them differ materially from this case.

CHILTON, J.—We entertain no doubt upon the point made by the counsel for the plaintiff in error, that it was the duty of the Judge of Probate, if the will was admitted to be proved in the absence of notice to the next of kin, to set aside such probate upon the application of any one of such kin, provided the law requires them to be notified.—Hill v. Hill, 6 Ala. 166-8-9; Shields v. Alston, 4 ib. 248; 5 Sme. & M. 82. Such is the constant practice of the Ecclesiastical Courts of England. It is also settled, that the next of kin, if entitled to notice, may come by his petition into the Probate Court, propound his interest and be made a party so as to sue out a writ of error.—9 Ala. 177; 15 ib. 495. So that the only question involved in this case, about which we could have any difficulty, relates to the construction of the 8th section of the act of 1821, as printed in Clay's Dig., p. 303, § 34, which requires the clerk to issue citation, that the sheriff may summon the widow *or* next of kin to contest the application for probate of the will, &c.

· Were we required to construe this statute, as above stated in the disjunctive form, with regard to notice, we should be strongly inclined to hold against the letter, that the will of the Legislature, as deducible from the body of our acts relating to this subject, and in consonance with their true *sense* and *reason*, was, that both the widow *and* next of kin, being interested in the estate, should be notified of the application to prove the will which makes a disposition of such estate.—Easton v. Studd, 2 Plowd. 459, and note 465.

But it is unnecessary to go into this question, since the word "or" in the statute as copied in Clay's Digest is a misprint. The statute reads, "the clerk shall issue a citation requiring the sheriff to summon the widow *and* next of kin," &c.—See the whole act correctly set out in Toulmin's Digest of the Laws of Ala., p. 191 to 200. It has moreover been held by this court that notice of the application for proving the will must be given to the next of kin, if residing in this State, and that this is required by "the express language of the statute."—Lee v. Browning, 15 Ala. 496; Shields v. Alston, 4 ib. 252.

Let the decree of the Probate Court be reversed and the cause remanded for further proceedings.