## COLLIER'S ADM'R *vs.* SLAUGHTER'S ADM'R.

1. In the Appellate Court each case must be tried upon its own record, which
cannot be aided by reference to the record of another case, involving the con-
struction of the same will.

2. When an infant legatee having an interest in the settlement of an estate, is
not represented before the court on final settlement, he may be made a party
to the proceeding by petition, and have the decree reversed on error.

ERROR to the Circuit Court of Limestone.

Tried before the Hon. S. C. POSEY.

JAMES ROBINSON, for plaintiff in error.

R. C. BRICKELL, *contra.*

CHILTON, C. J.—This case is brought before us upon a
writ of error from a judgment of the Circuit Court of Lime-
stone county, reversing a decree of final settlement rendered
by the Orphans' Court of said county, in the matter of the
estate of William E. Collier, deceased.

The record before us is extremely meagre, as it contains
nothing but the application of Charles E. Collier, the admin-
istrator, to the Orphans' Court, which was accompanied by
his accounts and vouchers, for final settlement; the order of
said court appointing a day for the settlement, and ordering
publication to be made for forty days, followed by the final
decree made on a day to which the settlement had been con-
tinued, and which recites that publication had been duly
made ; that no one appeared, except the regular guardian of——
Collier, the only minor heir, and no objection being made to
the account, the settlement was made in accordance therewith,
showing a balance in favor of the administrator, of nine hun-
dred and twenty-seven dollars and sixty five cents. This
settlement was made on the 27th September, 1847. After-

terwards, in February, 1849, the defendant in error, Joshua Collier, filed his petition in the Orphans' Court, praying that he might, as the administrator of Lawrence S. Slaughter, be made a party to said final settlement, propounding the interest of said Lawrence, averring that he was an infant and living at the time of the final settlement, and was not in any way represented before the court; that he was a legatee under the will of said William E .Collier, and that his rights had been totally disregarded, and he excluded from any portion of the estate. The petitioner refers to the record of the will in the Orphans' Court, but does not set it out; nor does it appear in any portion of the record. He, however, states, that the testator thereby directed one half his personal estate to be given and equally divided among his three step-children, towit, Ellen F., John R., and L. S. Slaughter, as they might become of age, or Ellen might marry; and then avers the marriage of Ellen before the death of said Lawrence, and insists that the decree cut the intestate off from his just rights under the will.

Citation was duly issued to the administrator of Wm. E. Collier, to come forward and contest the right of Joshua to be made a party to the decree. The record recites, that he appeared in proper person, and failed to answer or deny the charges contained in the petition, or to file exceptive allegations thereto; and the court being satisfied as to the truth of the matters alleged in the petition, ordered said Joshua Collier, as administrator of said Lawrence S. Slaughter, to be made a party to the final decree.

The Circuit Court reversed the settlement, upon the ground that L. S. Slaughter, the minor, was unrepresented upon the final settlement; and the case is brought to this court to annul the judgment of reversal of the Circuit Court.

It is insisted by the counsel for the plaintiff in error, that upon another branch of this case, arising under the same will, we have held that said infant took no interest as a legatee; and that to affirm the judgment of the Circuit Court, would be to hold the final settlement erroneous because of the absence of a party who had no interest. It is a sufficient answer to this argument, to state that the record in the case alluded to is not before us; nor can we refer to it, to

aid this, which presents a very different state of facts from that.

We must try this case, like all others, upon the record submitted before us; and upon this, it is very clear that the Circuit Court properly reversed the decree of final settlement, as, conceding the facts stated upon the record in propounding the interest of Lawrence S. Slaughter to be true, as certified by the court, an infant legatee, having a clear interest in the settlement, has had no apportunity allowed him to contest the account of the administratior, or to insist upon what was claimed to be his rights. It may be true, as is alleged, that the bequest to him was conditional, and that the condition was not performed upon which it depended; yet this record does not show it. But if it did, he was no party to it when the record of the final settlement was made up, and could not, therefore, be concluded by it. If he had been represented by guardian, *non constat*, the proof of the performance of the condition on which his legacy depended might have been quite different.

The case of Roy v. Segrist, 19 Ala. Rep. 810, sustains the judgment of the Circuit Court. It follows that it must be affirmed.