# BRADLEY *vs.* ANDRESS.

[APPLICATION FOR REVOCATION OF LETTERS OF ADMINISTRATION AND RE-PROBATE OF NUNCUPATIVE WILL.]

1. *Conclusiveness of former adjudication revoking probate of will.*—Where a nuncupative will, admitted to probate without due notice to those entitled to it, is afterwards declared null and void by a decree of the same court on their petition, and an administrator of the estate appointed; and this decree is afterwards affirmed on error, on appeal sued out by the person to whom the property was bequeathed by the will, he is barred from prosecuting another petition in the same court for the re-probate of the will.

APPEAL from the Court of Probate of Monroe.

IN THE MATTER of the estate of Martha Andress, deceased.

Stephen D. Andress, the appellee, filed his petition in the Probate Court, in May, 1854, alleging that, in March, 1852, said Martha Andress, then the wife of the petitioner, departed this life, being possessed in her own right of property to the amount of several hundred dollars in value; that she made a nuncupative will, bequeathing all her property to the petitioner; that said will was admitted to probate by said court, on the 9th August, 1852; that at the November term of said court, 1852, on the petition of one Nathaniel W. Broughton and others, the order admitting said will to probate was set aside, and letters of administration on the estate of said Martha were granted to one Jesse G. Bradley. The petition then sets out the names of the heirs-at-law of said Martha, and prays that Broughton's letters of administration may be revoked, and that said nuncupative will may be again admitted to probate.

On the day set for the hearing of this petition, the appellant, who was one of the heirs-at-law of said decedent, appeared, and filed three pleas to the petition, the first of which was as follows:—

"1. That the prayer of the said petition should not be granted, because heretofore, at the November term of said court, 1852, a petition was filed in said court by said N. W. Broughton and others (the same persons who are made de-

fendants to this petition, and who are the heirs and distribu-tees of said Martha Andress, deceased), to set aside the pro-bate of said nuncupative will theretofore granted by said court, and for letters of administration to issue on the estate of said Martha ; and such proceedings were thereupon had in said court, at the December term thereof, 1852, that the pro-bate of said pretended will was set aside, and said pretended will held to be null and void, and letters of administration on said estate were granted to Jesse G. Bradley. Which said decree of said court was taken by the said petitioner, by appeal, to the Supreme Court of Alabama, and was by said Supreme Court, at its January term, 1854, in all things affirmed ; and said decree of said Probate Court still stands, in full force and effect."

The petitioner demurred to this plea, and the court sustained his demurrer ; and issue being joined on another plea, the court, on the evidence adduced, rendered a decree, revoking Bradley's letters of administration, and again admitting said will to probate. From this decree Bradley now appeals, and here assigns for error, with other things, the sustaining of the demurrer to his first plea, and the rendition of the decree as above stated.

S. J. CUMMING, for the appellant.

WATTS, JUDGE & JACKSON, contra.

RICE, J.—It is settled in this State, that when a will has been admitted to probate, without notice to those who are entitled to it, the Probate Court is authorized to set aside the probate, on their petition.—Roy v. Segrist, 19 Ala. 810, and cases therein cited.

If, on such petition, the Probate Court not only sets aside the probate, which had been allowed without notice to those entitled to it, but holds "the pretended will to be null and void", and grants letters of administration on the estate of the decedent ; and an appeal is taken from this decree to the Supreme Court, by the man to whom all the property of the decedent was given by the provisions of the will ; and on such appeal the decree is affirmed,—he is thereby barred from prosecuting a petition afterwards filed in the Probate Court,

to cause said will to be " again admitted to probate."—Laughton v. Atkins, 1 Pick. R. 535.

The petition of the appellee is not an application for the removal of the administrator, under sections 1696, 1697, 1698 and 1699 of the Code. It does not state any of the causes for his removal specified in any of those sections. It prays that the letters of administration be set aside. This prayer could be granted, if the will were " again admitted to probate", but not on any other ground shown in the petition. And as the petitioner has no right to have the will again admitted to probate, if the first plea of the appellant is true and remains unanswered, he has not disclosed any right to have the letters of administration set aside.

The matter set forth in the first plea constitutes (*prima facie*, at least) a bar to the right asserted in the petition of the appellee. The court below erred in sustaining the demurrer to that plea. And as this may be decisive of the case, we reverse the decree for that error, and remand the cause, without deciding the other questions not embraced by what we have above declared.