## THOMAS vs. DUMAS.

[FINAL SETTLEMENT OF DECEDENT'S ESTATE.]

1. *Parties to final settlement.*—The personal representative of a deceased distributee is a necessary party to a final settlement of the estate; and if a final decree is rendered without making him a party, he may afterwards be made a party on petition, and revise the decree on error.
2. *Limitation of appeal from final decree.*—Six months is the limitation of an appeal from a decree of the probate court, rendered on the final settlement of an estate, even when sued out by a person who was made a party after its rendition.
3. *Final decree not set aside without notice.*—A final decree, in favor of distributees, on settlement of an administrator's accounts, cannot be set aside at a subsequent term, on the petition of the personal representative of a deceased distributee, without notice to the other distributees.

APPEAL from the Probate Court of Wilcox.

In the matter of the estate of Wade H. Dumas, deceased. The record shows that the administrator of the estate made a final settlement of his accounts on the 14th January, 1856; and that the court then rendered a decree against him, in favor of the widow and two other distributees of the estate, for their respective portions of the balance found in his hands. Afterwards (but at what particular time nowhere appears) the appellant, as the administrator of Mary Hawkins, deceased, filed his petition in said court, alleging that his intestate was a distributee of said estate, and that he, as her administrator, ought to have been made a party to said final decree and settlement; and praying that he might be made a party, and that said decree might be set aside. The petition was heard at the October term, 1856, when the court ordered that the petitioner be made a party to the former decree, but refused to set aside that decree. The appellant now assigns as error—1st, the rendition of the decree on final settlement without bringing in the personal representative of his intestate; and, 2d, the refusal to set aside said decree on his petition.

BEN. WILLIAMSON, for the appellant.—1. The final decree is erroneous, because the proper parties were not before the court.—Reynolds v. Reynolds, 11 Ala. 1023; Hall's Distributees v. Andrews' Adm'r, 17 Ala. 40.

2. A person who, though a distributee, was not brought in as a party, may be made a party on petition, and have the decree reversed on error.—Collier's Adm'r v. Slaughter's Adm'r, 22 Ala. 671; Watson v. May, 8 Ala. 177; Gould v. Hays, 19 Ala. 438; McMaken v. McMaken, 18 Ala. 596; McConico v. Cannon, 25 Ala. 462.

3. The court should have set aside and vacated the final decree.—Hall's Distributees v. Andrews, 17 Ala. 40; Lees v. Browning, 15 Ala. 495; Shields v. Alston, 4 Ala. 249; Roy v. Segrist, 19 Ala. 810; Hood v. Branch Bank, 9 Ala. 335; 1 Dev. 313; 1 Hawks, 71; 1 Hawks, 282; 2 Ala. 701; 28 Ala. 390.

No counsel appeared for the appellee.

WALKER, J.—It is undoubtedly the law, that the omission to make the representatives of the distributees of the estate, who died after the death of the appellee's testator, parties, rendered the decree on the final settlement of the estate erroneous. It is equally certain, that after the rendition of the decree, the representative of a deceased distributee may, on petition, be made a party, and may then revise the action of the probate judge in the rendition of the decree.—See the authorities cited on the brief of counsel. But in this case, the appellant cannot assign for error the decree of the probate court on final settlement, because there was a period exceeding six months between the rendition of the decree and the taking of the appeal.—See Code, § 1888. The omission of the appellant to have himself made a party at an earlier day does not relieve him from the statute of limitations. Minell & Co. v. Reed, at the present term.

It is contended, that the probate court should have gone on, after making the administrator of the estate of the deceased distributee a party, and, on his motion, set aside the decree on the final settlement of the estate. We forbear to express an opinion as to the question whether the probate court has, on account of the omission to bring before it a portion of the necessary parties, the power to set aside its decree upon a final settlement, after the adjournment of the session at which it was rendered. Whether, as a general rule, the probate court can set aside its decrees, which are not absolutely void; and whether the decisions of this court, that it may, on account of the omission to make the necessary parties, set aside the probate of a will,—are susceptible of extension by analogy to other cases, are questions which have not been argued before us, and which we do not decide in this case.—See Hill v. Hill, 6 Ala. 166 ; Roy v. Segrist, 19 Ala. 810 ; Hood & Stinnett v. Mobile Bank, 9 Ala. 335.

Aside from those questions, we are bound to decide the appeal before us against the appellant. The decree on the final settlement was rendered in favor of three per-

sons, described as distributees, for their respective distributive shares of the balance found, on taking the account, against the administrater. One of those distributees was the widow of the deceased. A judgment by the probate court, setting aside the decree on final settlement, would necessarily annul the decrees in favor of these three distributees. There is no principle, which would authorize a judgment, by a distinct and subsequent action of the court, annulling those decrees without notice to the persons in whose favor they were rendered.—McCurry v. Hooper, 12 Ala. 823; Boykin v. Rain, 28 Ala. 332; McKissack v. Davis, 18 Ala. 315. The allowance of an amendment, *nunc pro tunc*, without notice, is placed upon grounds which have no application in this case.—Allen & Dean v. Bradford & Shotwell, 3 Ala. 281. There was no notice in this case to the parties whose decrees were sought to be set aside; and, therefore, the court did not err in refusing to vacate them.

Whether the appellant, if his rights have been prejudiced by the decree of the probate court, may not obtain relief under section 1915 of the Code, is a matter not for our decision in this case, but for his consideration.

The decree of the court below is affirmed.