## LOVETT vs. CHISOLM.

[APPLICATION TO SET ASIDE PROBATE OF WILL.]

1. *When decision of probate judge, on question of fact, is revisable.*—To authorize the appellate court to revise the decision of a probate judge on a question of fact, all the evidence upon which said judge acted must be brought before it in a proper manner.

2. *Who may apply to set aside probate of will.*—After the expiration of the time allowed for the widow's dissent from her husband's will, she, or, in the event of her death, her personal and legal representatives, may make application to have the probate of his will set aside, provided she was not notified of the application for probate.

Appeal from the Probate Court of Dallas.

WM. M. BYRD, and L. E. PARSONS, for appellant.
PEGUES & DAWSON, and JNO. T. MORGAN, *contra*.

RICE, C. J.—It appears from the record, that in April, 1848, William Johnston propounded for probate, in the probate court of Dallas county, an instrument purporting to be the last will and testament of Daniel Enlow; that the instrument purported to have been executed in South Carolina; that the court, on the day last aforesaid, ordered that a commission issue, directed to certain named commissioners, to take the testimony of the subscribing witnesses, who resided in South Carolina; that the commission was executed, and returned; that thereupon, in June, 1848, the court admitted said instrument to probate; that, by said will, all the property of the testator, real and personal, was given to his wife, Nancy Enlow, *for and during her life;* that she was the only person to whom anything was given by said will; and that she is therein appointed the sole executrix. It does not appear

that said Johnston had any interest in said will, or in the property of the testator; nor that *any notice* was issued to, or served upon, *the widow* or next of kin of the testator, of said application for the probate of said will, or of any of the proceedings by which it was admitted to probate; nor that the widow or next of kin appeared in said court during the pendency of said application, or at the time the will was admitted to probate; nor that any letters testamentary or of administration were ever applied for or issued on the estate of said testator, or any order made in relation thereto, after the will was admitted to probate, until April, 1854, after the widow of the testator had died, and an administrator, *ad colligendum*, of her estate had been appointed by said court.

By an agreement of the counsel of the parties to this suit, signed by them, and endorsed on the transcript filed in this court, "it is admitted that a petition was duly filed in said probate court to set aside the probate of the will of Daniel Enlow, deceased, and that the persons who are described in the record as filing said petition with John C. Chisolm, executor of Nancy Enlow, the wife of the deceased, are the heirs and legatees of said Nancy Enlow." The entry on the minutes of said probate court shows, that the petition was filed by Chisolm and others, in that court, on the 28th August, 1855. It appears that notice of said application to set aside the probate of the will of Daniel Enlow was issued by the judge of said probate court, on the day last aforesaid, and was served by the sheriff of Dallas county, on the 29th August, 1855, on John G. Lovett, administrator with the will annexed of the estate of Daniel Enlow; and after this service, the said administrator, Lovett, appeared, and, on his motion, as well as by consent of the parties, the said application to set aside the probate of the will of Daniel Enlow was continued until March term, 1856, of said court, when the application was granted as shown by the following entry :

"Regular Probate Court, March Term, 1856.

John C. Chisolm, Ex'r, vs. John G. Lovett, Adm'r, &c. } In the matter of the last will and testament of Daniel Enlow, deceased.

7

On motion to set aside the probate of said will. This cause having been regularly continued to this term of the court; and now, at this term of the court, came the parties in their own proper persons, and also by their attorneys, and the parties having announced .themselves ready for trial, the court proceeded to hear and determine said cause; and upon said hearing, it is ordered and adjudged by the court, that said probate of said last will and testament of said Daniel Enlow, heretofore admitted to probate, be set aside and held for nought, &c.

(Signed) THOMAS G. RAINER, Judge."

There is in the record a written statement signed by the judge of said probate court, which shows that, on the hearing of the application to set aside the probate of the will of Daniel Enlow, the parties respectively introduced some evidence which is set forth in said statement; but there is nothing in the record, which shows or asserts that the evidence set forth in that statement was *all the evidence adduced on the hearing*, or that *any exception* was taken to any ruling or decision of said probate court. Even if we regard that written statement as a bill of exceptions, it is worthless and unavailing, because it does not inform us that it contains all the evidence on which the probate court acted, and does not in any way show any error in any of its decisions. As the record fails to show that it brings before us all the evidence upon which that court acted in setting aside said probate of the will of Daniel Enlow, we cannot say that the evidence which was before that court did not authorize it to set aside that probate, if it had jurisdiction of the application. For it is settled, that we cannot revise the decision of a primary court, upon matters of fact, made in a case of which it has jurisdiction, unless we are properly informed that all the evidence upon which it decided is brought before us. Gordon v. McLeod, 20 Ala. 242; Mobley v. Barnes, 21 Ala. 232; Price v. Gillespie, 28 Ala. 279.

It is clear, therefore, that the decree must be affirmed, unless we can decide that the probate court had no jurisdiction over the application to set aside said probate of said will. We cannot so decide. Whether that court

would have had jurisdiction of the application, if it had been made by persons who, in a legal sense, had no interest in having the probate set aside, we shall not determine. The application was made by the executor, heirs and legatees of *the widow* of the testator; and they had an interest in setting aside the probate, if she had such interest at her death. She did have such interest, because the time allowed her by our statute for dissenting from the will had expired before her death, and a provision was made in the will for her; and therefore, if the probate was not set aside, she was barred of her distributive share of her husband's estate.—Armstrong v. Baker, 9 Iredell, 109; Vaughn v. Manning, at the present term; Roy v. Segrist, 19 Ala. 810. As she was thus concluded by the probate from asserting any right in opposition to the will, and as our statute entitled her to notice of the probate, and as it would be manifestly unjust and unlawful that she should be thus concluded, *provided she was not notified of the application for probate,* the law would have allowed her an opportunity to prove that she was not notified, and to get clear of the probate. The application to set aside the probate would have afforded her such opportunity, and could have been made by her before her death.—Roy v. Segrist, *supra.* And as she could have made it, her executor, heirs and legatees might make it. Of such application, made by them, by petition "duly filed," there can be no doubt the probate court had jurisdiction. Merryweather v. Turner, 3 Curteis, 802; Modern Probate of Wills, 398, 399; Bradley v. Andress, 27 Ala. 596; Roy v. Segrist, *supra;* Bell v. Armstrong, 1 Addams, 365; 1 Williams on Exrs., 359, 361, 364.

No error is shown by the record, and the decree of the court below is affirmed.