## WOMACK vs. SANFORD.

[MOTION FOR ENTRY OF JUDGMENT NUNC PRO TUNC.]

1. *Notice necessary.*—A judgment of satisfaction cannot be entered *nunc pro tunc,* as of a previous term, unless it is shown that the adverse party had notice of the original motion.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. NAT. COOK.

THE appellant in this case made a motion, at the spring term, 1860, of said circuit court, to have satisfaction entered, *nunc pro tunc,* as of the spring term, 1854, of a judgment which J. & C. B. Sanford had previously recovered against him. The evidence offered in support of the motion, as the bill of exceptions shows, consisted of the original motion for the entry of satisfaction, made at the spring term, 1853 ; an order of continuance, written across the face of said motion on the docket, in the hand-writing of the presiding judge at that term ; an entry on the docket, written across the face of said motion, in these words, " Let the judgment of satisfaction be entered" ; and parol proof that this entry, which was without date, was in the hand-writing of the Hon. NAT. COOK, and that he presided in said circuit court at its spring term, 1854. "There was no evidence tending to show, that said J. & C. B. Sanford, or either of them, ever had any notice of the said motion made at the spring term, 1853, or of the hearing of said motion." The defendants in the motion proved, by the records of the court, that Judge Cook presided at the fall term, 1854, and at the fall term, 1855. This being all the evidence, the court overruled the motion for the entry of satisfaction ; to which the plaintiff in the motion excepted, and which he now assigns as error.

GEO. W. GAYLE, for appellant.

PETTUS, PEGUES & DAWSON, contra.

STONE, J.—The ruling of this court in the case of *Lewis v. Lewis*, (25 Ala. 315,) in effect declares, that unless the entry on the judge's docket, when considered in connection with the other papers in the cause, contains enough to justify a valid judgment, then no judgment *nunc pro tunc* should be rendered. In other words, the circuit court, in such a case as this, should enter up no judgment *nunc pro tunc*, in the absence of evidence that notice had been given of the motion.—*Baylor v. McGregor*, 1 Stew. & Por. 158; *Clemens v. Crawford*, 1 Ala. 531; *McKissick v. Davis*, 18 Ala. 315. See, also, *Graham v. Roberds*, 7 Ala. 719; *Del Barco v. Branch Bank*, 12 Ala. 238; *Savage v. Walshe*, 26 Ala. 619; *Punch v. Walke*, 34 Ala. 494.

In the present record there is no evidence that the Messrs. Sanford had any notice of the motion made in the circuit court to enter satisfaction of their judgment, and the court did not err in overruling the same.

Affirmed.