## KIRBY *vs.* KIRBY'S ADM'R.

[APPLICATION FOR REVOCATION OF PROBATE OF NUNCUPATIVE WILL.]

1. *Probate of nuncupative will.*—The mode of making probate of nuncupative wills, prescribed by statute in this State, is the only form authorized by law, and is, in effect, probate in "solemn form," or "form of law," as distinguished from probate in "common form."

2. *Notice of probate.*—By the settled practice in this State, if a will is admitted to probate without notice to the persons who are by law entitled to notice, the probate will be revoked on their application; but, under the statute which was of force in 1847, (Clay's Digest, 597, § 3,) non-resident distributees or heirs-at-law were not entitled to notice of the probate of a nuncupative will, and, therefore, could not have the probate revoked on account of the want of notice.

3. *Probate of nuncupative will.*—A decree of the probate court, in these words: "The nuncupative will of W. K., deceased, having been duly proved by the oaths of J. B. C., A. P. B., and J. W. W., the subscribing witnesses thereto, the same is adjudged and decreed to be filed and recorded," is a sufficient and valid probate of the will, if it be a will.

APPEAL from the Probate Court of Madison.

In the matter of the estate of William Kirby, deceased, on the application of John Kirby and others, claiming to be the heirs-at-law of said decedent, for the revocation of the probate of his nuncupative will. The decedent died on the 30th December, 1846. The decree of said probate court, in the matter of the probate of his will, was rendered on the 26th April, 1847, and was in these words: "The nuncupative will of William Kirby, deceased, having been duly proved by the oaths of J. B. Coons, Albert P. Boone, and Joel W. Watkins, the subscribing witnesses thereto, the same is adjudged and decreed to be filed and recorded." This decree "is all that appears on the minutes of said court, in reference to said supposed nuncupative will; nor is there anything of record to show such a will, but a paper copied in the book in which wills are recorded," in the following words:

Kirby v. Kirby's Adm'r.

"The nuncupative will of William Kirby, late of the county of Madison, State of Alabama, deceased, made in the time of his last sickness, at his habitation in said county, where he resided the period of —— years next preceding the time of making said will. The said William Kirby, duiing his said last illness, to-wit, on the 28th day December, 1846, and at his said habitation in said county, spoke of his probable death, (which happened two days thereafter, to-wit, on the 30th December, 1846,) and, in that event, of the manner in which he wished his earthly affairs managed. On the day, and under the circumstances stated, the said William Kirby declared, in substance, in the presence of Dr. J. B. Coons and Albert P. Boone, that he wished his business carried on after his death as it had been during his life-time ; that he did not wish his wife molested in the possession or enjoyment of his property, or that said property should be scattered, but that he wished his said wife to have all his property. And Joel Watkins, one of the undersigned, was with said William Kirby during his last illness, and at his death, which happened at the time and place before named ; and said Kirby called upon him, said Watkins, to take notice that he expressed the same wishes then, in expectation of his death, that he had often before done when in health—which were, that he desired his partnership business with Merriwether A. Lewis to continue during his wife's life as it had during his own life ; that he wished all his property to belong to his wife during her natural life, and at her death to go to the children of his said partner, Merriwether A. Lewis ; and that he wished no division of his property to take place during the life of his said wife. And said Watkins had frequent conversations with said Kirby, when he was in good health, before his last illness ; and in each of said conversations he expressed the same wishes and intentions in the event of his death." (This writing was signed by said J. B. Coons, A. P. Boone, and Joel Watkins, as witnesses, and was marked "Filed 1st March, 1847."

The petition for the revocation of the probate was filed on the 6th July, 1858, and alleged, that the petitioners were non-residents, and had no notice of the application for the

31

probate of said nuncupative will; and they insisted that said will, its probate, and all the proceedings connected with it, were null and void. The administratrix appeared, and demurred to the petition, on the grounds—1st, that the petitioners were not entitled to notice of the application for probate; 2d, that the relief which they prayed was barred by the lapse of time, and by the statute of limitations; and, 3d, that the probate was regular and valid, for aught that appeared in the petition. The probate court sustained the demurrer, and dismissed the petition; to which the petitioners excepted, and which they now assign as error.

WALKER & BRICKELL, for appellants.—1. By the ecclesiastical law of England, which, in the absence of express statutory provisions, regulates the practice in our probate courts, there are two modes of proving wills: one in the common form, where the probate is granted without notice to the next of kin; and the other in the solemn form, or form of law, where the parties interested are cited to appear, and have an opportunity to be heard. The latter is conclusive, while the former is liable to be re-examined and annulled, on the application of the parties interested, at any time within thirty years.—1 Jarman on Wills, 215–17; 1 Williams on Executors, 280–2; *Noyes v. Barber*, 4 N. H. 406; *Brown v. Gibson*, 1 Nott & McC. 326; *Gibson v. Lane*, 9 Yerger, 475; *Etheridge v. Corprew*, 3 Jones, (N. C.,) 14; *Bell v. Armstrong*, 2 Eng. Eccl. 135; *Merrywether v. Turner*, 7 Eng. Eccl. 600; *Satterthwaite v. Satterthwaite*, 1 Eng. Eccl. 351. The probate in this case was without notice to the next of kin, who were non-residents; and such probate was authorized by the statute which was of force in 1847. The jurisdiction to grant such probate, involves the jurisdiction to revoke it; and the probate itself can have no other or greater effect than was ascribed to it at common law.—*Conden v. Dobyns*, 5 Sm. & Mar. 62; *King v. Collins*, 21 Ala. 370.

2. The probate should be revoked, because of its insufficiency and uncertainty. The probate court is a court of record, and, although technical formality may not be

required in its judgments, it is at least essential that they should show the parties, the subject-matter in dispute, and the result.—4 Phil. Ev. (C. & H.) 71, 205. The decree itself does not set out the declarations which were to operate as a will, nor does it purport to give their substance and effect; and it does not furnish the means of identifying the declarations. To constitute a valid probate of a nuncupative will, the record must show a judicial determination of the fact that there was such a will, and must state its provisions.—30 Miss. (1 George,) 418; 25 Miss. (3 Cush.) 530. The paper copied into the record book of wills can not be looked to, to supply the deficiency. *Hudson v. Hudson,* 20 Ala. 364; *Hall v. Hudson,* 20 Ala. 284. If that can be looked to for any purpose, the declarations shown by it are contradictory, and defeat each other.— *Wall v. Wall,* 30 Miss. 91.

3. On the facts stated in the petition, the court should have revoked the probate.—*Lovett v. Chisholm,* 30 Ala. 88; *Roy v. Segrist,* 19 Ala. 810; *Hill v. Hill,* 6 Ala. 166; *Bradley v. Andress,* 27 Ala. 596.

ROBINSON & JONES, *contra.*

BYRD, J.—The mode or form of making probate of *nuncupative* wills is prescribed by statute, and is the only one authorized in our jurisprudence. The effect of our statutes is to require them to be proved in form of law; and therefore proof in common form, as made in the spiritual courts of England, is not allowable in this State, (if it ever were in England,) in the probate of such wills.

2. Under a practice established in this State, by a series of decisions, which, from their long standing, should not now be questioned, it is settled, that any distributee of the estate of a testator, entitled to notice of the probate of the will, and not having received such notice prior to the probate, may make an application to the court in which the will was probated, to vacate and revoke the probate; and that the same should be granted, if it appear that the applicant was entitled to notice and none was given. Thus far our decisions have uniformly gone. In this case, it appears

on the face of the application, that the parties seeking to have the probate vacated were non-residents of the State at the time the will was propounded for probate, and have been such ever since. They were not, therefore, entitled to notice of the probate under the statute in force at the time the will was admitted to probate.—*Shields et al. v. Alston*, 4 Ala. 248; Clay's Digest, 303, § 34; *ib.* 597, § 3. Not being entitled to notice, they have no right to call on the court to vacate the probate, on the ground that they did not have notice.—*Roy v. Segrist*, 19 Ala. 810; *Bradley v. Andress*, 27 Ala. 596; *Lovett v. Chisholm*, 30 Ala. 88.

3. Appellants insist, that the order appearing on the record does not amount to a probate of the will. But we cannot assent to this proposition. In our opinion, the order is a sufficient and valid probate of the will, if it be a will.—*Jemison v. Smith*, 37 Ala. 185; *McGrew v. McGrew*, 1 S. & P. 30.

They further contend, that the paper, or evidence of the attesting witnesses, admitted to record, is not a will or valid testamentary disposition of the decedent's estate. Upon this question we express no opinion, as the only question before us, on this record, is the validity of the probate of the supposed will; and not whether the will is valid on its face, or should have been rejected by the court on the hearing of the application for its probate. This question would have been more properly raised on an appeal from the order of the court admitting it to record, and may be, perhaps, hereafter on a distribution or final settlement of the estate.—*Vide Johnson v. Glasscock and Wife*, 2 Ala. 218, which may throw some light on these questions.

Upon applications like the one before us, I am inclined to hold, that every question is closed, except the questions of the interest of the parties making the application, their right to notice of the proceedings to probate the will, whether, being entitled to notice, the same has been given according to law, and the jurisdiction of the court to make probate. If the probate court has jurisdiction of the probate of the will, and there is any other ground for attacking the probate than the want of notice, or the nul-

lity of the order, then the parties must resort to some other mode of procedure than this, in „order to vacate the will or its probate.—2 Ala. R. 218.

In the case of *Hill's Heirs v. Hill's Executor*, (6 Ala. 166,) the court say : " We apprehend it is entirely competent, in the absence of legislation to the contrary, for that (probate) court to set aside the probate of a will which it has allowed without proof, or upon insufficient proof." But the court cite no authority, give no reason, and I know of no authority to sustain such a proposition, unless the court referred to the power of all courts of record to set aside their orders and judgments at and during the term at which they are entered. To do so afterwards, on such grounds as are stated in the passage quoted, would, in my opinion, be violative of all principles applicable to final orders and judgments of courts of record.—2 Black. Com. 24. The probate court is one of that character, and the ecclesiastical courts were not.—2 Black. Com. 67. No other case decided by this court has gone the length of the quotation taken from *Hill's Heirs v. Hill's Executor*, as applicable to a proceeding of this kind. That case was dismissed in this court, on the ground that the appellants were not in a situation to raise any question on the record ; and therefore I treat the quotation as mere *obiter dicta*. Upon this branch of the case before us the other members of the court express no opinion.

The application in this case was filed more than ten years after the action of the court upon the probate of the will, and this court has never passed upon the question of the time within such an application as this must be made. And as it is not necessary to the decision of the cause, we will not pass upon it now. A reference to the following authorities and statutes may aid the solution of this question, whenever it arises hereafter.—1 Lomax on Executors, 97–98, § 3 ; Swinburn on Wills, pt. 6, § 14, pl. 3 and 4; *Satterthwaite v. Satterthwaite,* 3 Phil. R. 1 ; *Forneau v. Gayfere,* 3 Phil. R. 405 ; Godol. pt. 1, c. 20, § 4 ; Clay's Digest, 598, § 15 ; Code, § 1656 ; *McArthur v. Carrie's Adm'r*, 32 Ala. 75, and cases there cited.

The judgment of the court below must be affirmed.