# McMullen, Adm'r, *v.* Brazelton *et al.*

## *Final Settlement of Administration.*

1. *Parties to settlement* —When one of the distributees of a decedent's estate dies before the final settlement and distribution, his personal representative is a necessary party to the proceedings on final settlement; and a decree rendered in his absence will be reversed on error or appeal, though no objection was raised on account of it in the primary court.

APPEAL from Probate Court of Madison.
Heard before the Hon. WM. RICHARDSON.

HUMES & SHEFFEY, for appellant, cited *Merrill v. Jones*, 2 Ala. 192; 1 Brick. Dig. 972, § 826.

CLOPTON, J.—This is a proceeding in the Probate Court to make a final settlement of the administration of the estate of Margaret Brazelton, and distribution among her distributees. The record shows, that Susan Hannah, one of the distributees, had died after the death of the intestate, who was her mother. Her personal representative was not made a party to the proceeding, and her distributive share was divided between her husband and three children, for which decrees were rendered in their favor. From the organization of the Probate Court, it has been uniformly ruled, that a decree on the final settlement of an estate is erroneous, if any of the distributees die after the death of the intestate, and their personal representatives are not brought before the court. And advantage may be

taken of the omission in this court, though no objection was made thereto in the Probate Court, the representative of the deceased distributee being an indispensable party. *McComico v. Cannon*, 25 Ala. 462; *Boyett v. Kerr*, 7 Ala. 9; *Hall v. Andrews*, 17 Ala. 40; *Thomas v. Dumas*, 30 Ala. 83.

Reversed and remanded.