## NEAL *v*. ROBERTSON.

Decided November 14, 1891.

*Administration—Distribution—Notice.*

No order of distribution of an estate can be made until notice of the proceeding has been given to all of the distributees. (Mansf. Dig., sec. 151.)

APPEAL from *Sebastian* Circuit Court, Greenwood district.

JOHN S. LITTLE, Judge.

On the 17th day of April, 1889, Josie B. Robertson filed her petition in the probate court in which she stated that she was the widow of John B. Robertson, who died on the 14th day of February, 1887, leaving one child, Ethel G. Robertson; that appellant Neal had qualified as executor of the last will of the deceased; that in 1887 petitioner filed with the clerk of the probate court a relinquishment of her right of dower in the estate, in consideration of receiving a child's part thereof; that a year had elapsed during which no debts had been proved against the estate; wherefore she tendered a refunding bond, and prayed for an order of distribution. The answer asserts that letters were issued on the will of the deceased on the 28th day of February, 1887, the will being duly probated on that day; that the petitioner was a legatee under the will, and had never renounced it so as to entitle her to dower in the estate; that, on the 3d day of May, 1887, the petitioner had filed in the probate court a paper purporting to transfer her dower in the estate to the

daughter of the deceased, in consideration that she elected to take a child's part therein ; that defendant had always been ready to assign the dower of the petitioner if she would renounce the provisions made for her by the will, which, however, she had not done.

The petition was denied by the probate court. On appeal to the circuit court judgment was rendered for petitioner. The executor has appealed.

*U. M. & G. B. Rose* and *Winchester & Bryant* for appellant.

*McFarlane & Brown, Ben T. Duval* and *John S. Little* for appellee.

COCKRILL, C. J. According to the allegations of the appellee's petition for the distribution of the estate of her deceased husband, John B. Robertson, his infant daughter Ethel is the only party interested adversely to her claim of right. Ethel was not, however, made a party to the petition, nor was notice given to her of the application for distribution. But the statute provides that no order of distribution shall be made, until notice has been given to the other parties entitled to distributive shares. Mansf. Dig., sec. 151. It is manifest that the controversy could not be determined in the widow's favor without material prejudice to the rights of Ethel. She was therefore a necessary party. As that fact was disclosed by the pleadings in the cause, the court should have ordered her to be brought in, before proceeding to adjudicate her rights. Mansf. Dig., sec. 4945. It is futile to enter upon a discussion of what the relative rights of the widow and heir are when the heir is not a party. As to her any order made would be *coram non judice*, and the judgment would settle nothing.

The judgment must be vacated, and the cause will be remanded to the circuit court, with instructions to remand it to the probate court, where it originated, for further proceedings.

It is so ordered.