## MORRIS v. VIRDEN.

Opinion delivered February 4, 1893.

*Administration—Distribution of estate—Parties.*

> All persons entitled to share in the distribution of an estate are necessary parties to a proceeding in the probate court for distribution; and if one of the distributees dies before an order of distribution is made, his personal representative is a necessary party, and no order of distribution can be properly made unless he is made such.

Appeal from Benton Circuit court.

EDWARD S. McDANIEL, Judge.

Willard Virden and others filed a petition in the probate court, stating that they were heirs at law of Jonathan Pratt, and as such interested in his estate and in the assets shown by the administrator thereof to be in his hands. They prayed to be allowed to establish by

proof their interest in said estate ; that the court ascertain their respective interests, and order the administrator to distribute the same upon the condition provided by law.   Morris, as administrator of said estate, appeared and objected to a distribution on the ground that the court had no jurisdiction to make the order, because (1) David V. Ross, one of the heirs at law, is a non-resident of Arkansas, and had not been notified of the application ; (2) Lula Morse, another heir at law, is a minor, a resident of Iowa, has not been notified of the application, and only appears through her guardian, appointed in the State of Iowa, and her attorney, D. L. Palmer.

Lula Morse was one of the petitioners, but David V. Ross was not made a party to the proceeding.

The probate court found that the petitioners comprised all of intestate's heirs, save David V. Ross ; adjudged the share due to Ross ; and directed the administrator to lend it on good security, and to distribute the residue of the estate to petitioners, in accordance with the judgment of the court.   The administrator appealed to the circuit court.

The circuit court found the facts to be that Pratt died without issue or decendants ; that appellees and David Ross, if alive, were the heirs at law of Jonathan Pratt ; that Lulu Morse is a minor, 17 years old, residing in Iowa ; that Louisa Gray also resides in Iowa, and is the guardian of Lula Morse in that State, and that, in her own behalf and as guardian of Lulu Morse, she joined in the petition for distribution, by D. L. Palmer, an attorney whom she requested to represent her in her own behalf and as such guardian ; and that she had not produced in the probate or circuit court copies of her appointment and bond as such guardian ; that David V. Ross, when a boy, left Pennsylvania, his native State, more than forty years ago with his father and went to the State of Ohio ; that his relatives have made diligent

inquiry to ascertain his whereabouts and that of his father, and have been unable to locate him, and he has not been heard from during the last twenty-five years ; that, when last heard of, he was single and unmarried, and that he had not been notified by publication or otherwise of the application for distribution, and that he had not been heard of for such a period of time as to raise the presumption that he is dead ; that, at the time the petition for distribution was filed in the probate court, more than two years had elapsed since letters of administration were granted on said estate, and all claims probated against it had been paid.

Upon these facts the court declared the law as follows : 1. That Lulu Morse, through her guardian, Louisa Gray, has the right to join in the petition for distribution before her guardian filed copies of her bond and appointment in the probate court. 2. That the interests of said Louisa Gray did not preclude her from joining with her ward in the petition for distribution. 3. That, David V. Ross being presumptively dead, appellees were not required to serve notice on him, as provided by sec. 151, Mansf. Dig., before presenting to the probate court their petition for distribution. 4. That the probate court had jurisdiction of the cause, and the circuit court acquired jurisdiction by appeal to order distribution.

The circuit court then made an order of distribution. As to the share of David V. Ross, the administrator was ordered to retain it in his hands subject to the further orders of the probate court ; he was ordered to pay the share of Lulu Morse to her guardian, Louisa Gray, when said guardian should file in the probate court copies of her appointment and bond, as required by secs. 3522-3, Mansf. Dig. He was ordered to pay over the other shares in thirty days.

The administrator has appealed.

*E. P. Watson* for appellant.

1.   All persons entitled to a share in the distribution of an estate, and not joining in the petition must have notice.   Mansf. Dig. secs. 150, 151; 55 Ark. 79.

2.   There is no proof nor presumption that David V. Ross was dead.   Mansf. Dig. sec, 2850; 52 Me. 465; 1 A. K. Marsh. 278; 15 Q. B. 760; 9 Barb. 595; 1 Barb. Chy. 455, 463; 83 Am. Dec. 524; 92 *id.* 698; Best, Pres. Ev. sec. 140 '; Lawson, Pres. Ev. sec. 200; 1 Sneed, 356.

3.   But if dead, his personal representative was entitled to notice.

4.   There was no evidence before the court that Louisa Gray was the guardian of the minor, Lulu Morse. Mansf. Dig. sec. 3522; 16 Ark. 381; 22 Ark. 453.

*J. A. Rice* and *L. H. McGill* for appellees.

1.   The evidence was sufficient to raise the presumption that David V. Ross was dead.   The rule is, that a person shown not to have been heard of for seven years by those who, if he had been alive, would naturally have heard of him, is presumed to be dead at the end of seven years, and the burden is on the party alleging that he is alive.   1 Gr. Ev. sec. 41; 2 *id.* sec. 278; 1 A. & E. Enc. Law, p. 38; 4 Whart. 150; 33 Am. Dec. 50; 7 Otto, 628; 18 Neb. 664; 92 Am. Dec. 705; 16 Vroom, 219; 46 Am. Rep. 757, and notes; 80 Me. 111; 6 Am. St. Rep. 162; 105 N. C. 476; 18 Am. St. Rep. 920; Hearsay is admissible.   15 Ark. 604–5; 24 *id.* 586; 3 S. & R. 490; 8 Am. Dec. 658; 105 N. C. 920.

2.   There are cases that hold that the presumption is that the party died intestate, without widow or issue, if when last heard from the party was single.   52 Me. 465; 83 Am. Dec. 524; 28 Md. 497; 3 S. & R. 490; 11 Pick. 302; 80 Me. 111; 9 Lea. 601; 1 Gr. Ev. sec. 41.

3. Lulu Morse was properly represented by her guardian. 16 Ark. 377; English, Dig. p. 147–8; Gould's Dig. p. 576; Acts 1873, p. 196; Gantt's Dig. sec. 3084–6; Mañsf. Dig. sec. 3522–4, 4955; 41 Ark. 254.

HEMINGWAY, J. All persons entitled to share in the distribution of an estate should be parties to the proceeding for an order of distribution. If all do not join in the petition, such as do not should be notified of its pendency and thereby afforded an opportunity to contest the claims of the petitioners and establish their own rights. Mansf. Dig. sec. 151; 2 Woerner on Administration, sec. 561; *Neal* v. *Robertson*, 55 Ark. 79. If one of the distributees dies before an order of distribution is made, his personal representative is a necessary party, and no order can be properly made unless he is made such. 2 Woerner, Administration, sec. 561; *McMullen* v. *Brazelton*, 81 Ala. 442; *Boyett* v. *Kerr*, 7 Ala. 9, 15; *Shriver* v. *State*, 65 Md. 278, 282; *Thomas* v. *People*, 107 Ill. 517; *Long* v. *Thompson*, 60 Ill. 27; *Smith* v. *Rice*, 11 Mass. 507; *Shores* v. *Hooper*, 153 Mass. 232; *Cason* v. *Cason*, 31 Miss. 578; *Conwill* v. *Conwill*, 61 Miss. 202.

In this case, the petitioners admitted, and the court found, that one David V. Ross, who did not join in the petition and had no notice of it, was one of the distributees of the estate, and, if alive, was entitled to a share, which the court directed the administrator to hold for him. As he was entitled to a share if alive, his legal representative was entitled to it in case he was dead; and in either case the one or the other should have had an opportunity to show what that share was. It may be that the petitioners properly disclosed their and his interest, and that his presence would not have changed the aspect of the case; but it may be, he could have shown that he was solely entitled to the distribution, or that he was entitled to a much larger interest than the petitioners disclosed. At any rate, the law guarantees him an

opportunity to be heard, and exempts him from the operation of a judgment rendered where the opportunity was not afforded. The adjudication was not binding upon him if he is alive, or upon his representatives if he is dead, and would have afforded no protection to the administrator against any subsequent demand upon his part. . The administrator was interested in the making of an order that would be binding upon all parties, and had a right to contest the making of one under which he could not defend ; it follows that he is entitled to demand the reversal of the one appealed from.

Whether the petition was properly filed on part of the minor, Lulu Morse, we deem it unnecessary to determine, since she is now of age, and may join in its further prosecution or retire from it, as she may elect.

The judgment will be reversed, and the cause remanded, with directions to the circuit court to remand it to the probate court for further proceedings in accordance with this opinion.