## The heirs and distributees of HILL v. HILL'S ex'rs.

1. A writ of error can be prosecuted by him only, who is a party or privy to the record, or injured by the judgment; and who will consequently derive advantage from its reversal.

2. Where certain persons describing themselves as sisters and brothers of the deceased, bring error to reverse an *ex parte* order, admitting the supposed will of the decedent, to probate, it cannot be intended (in the absence of any affirmation in the record,) that they are the nearest of kin in interest, and the writ of error will be dismissed.

3. *Semble:* It is competent for the judge of the county court to set aside the probate of a will, which he had previously allowed without proof, or upon insufficient proof, and without notice to the widow and next of kin, as directed by statute.

WRIT of Error to the Orphans' Court of Butler.

From the record it appears, that the defendant in error, on the 21st September, 1840, propounded for probate, a testamentary

paper, and made an affidavit, that the same was the last will and testament of Josiah Hill, dec'd, &c. This paper is attested by five names as subscribing witnesses, but was admitted to probate upon the affidavit of two of them, deposed to in open court, declaring ,·that they were personally present, and saw Josiah Hill sign, seal, deliver, and heard him acknowledge and publish the within to be his last will and testament, and that they subscribed themselves as subscribing witnesses to the same, and that he was, as they believe, in his proper mind, and well aware of what he was doing;" thereupon, letters testamentary, were issued to the defendant—he being one of the executors designated by the testator for the execution of his will. The paper is dated the twenty sixth day of August next preceding its probate, and undertakes to dispose of both real and personal estate. These are all the facts shewn by the transcript.

ELMORE and N. HARRIS, for the plaintiffs in error, made the following points: 1. There was no citation issued to the widow, or next of kin of the deceased, to show cause against the application for the probate of his supposed will; nor was there any proof that the testator had no widow or kindred resident in the State. 2. It does not appear that the widow, or next of kindred, had notice of the application for probate, in any manner. 3. The affidavit of the witnesses, who appeared in court to prove the will, is insufficient for the purpose, because it is not shown that the others, whose names appear as witnesses, attested the same, either separately or in the presence of each other. They cited Clay's Dig. 303, § 34; id. 596, § 1; Shields, et al. v. Alston, 4 Ala. Reports, 248,

BOLING and JUDGE, for the defendant.

COLLIER, C. J.—The writ of error in this case, is sued out by two of the legatees named in the testator's will, of whom there are four in all, two designated as his sisters, one as brother, and a fourth as his brother-in-law. It is not shewn by the record, that there was any contestation in the orphans' court, upon the will being offered for probate, that a citation issued to the widow or next of kin, or that there was proof that the testator had no widow or kindred resident in this State. In this posture of the case, it

is difficult to conceive how it can be here entertained. It is said in the elementary books, and reiterated by the adjudged cases, that a writ of error can be brought by him only, who is a party or privy to the record, or injured by the judgment, and who will, consequently, derive advantage from its reversal. It may, therefore, be brought by an executor or administrator, or the heir, reversioner or remainderman, according to the nature of the proceeding sought to be revised. [1 Arch. Prac. 231; 9 Viner's Ab. 493, et post; 2 Dunlap's Prac. 1120–1; Dale ex dem. v. Roosvelt, 8 Cow. Rep. 333; Vanhorn v. Frick, 3 Serg't & R. Rep. 278; Fotteral v. Floyd, 6 id. 315. See also, Roberts v. Taylor, et al. 4 Porter's Rep. 421; Headon v. Turner, adm'r at this term.]

The proceedings in the county court were entirely *ex parte*, and although the interests of the plaintiffs in error may be affected by them, yet it cannot be assumed that they were prejudiced by the probate of the will and the grant of letters testamentary, or that they will be benefitted by a reversal of the order by which this result was consummated. As the record does not show that the testator has not other kindred more nearly related to him than the plaintiffs, we cannot assume as a conclusion of law, that if the will is set aside, they will come in for shares of his estate, as heirs and distributees. Unless such is the legal inference, they cannot be recognized as privies, who will derive advantage from a favorable judgment of this court.

As to the steps necessary to be pursued by the orphans' court when a will is propounded for probate, or to coerce its production in order to inquire into its validity, the law is explicitly stated in the case of Shields, et al. v. Alston, [4 Ala. Rep. 248.] But to prevent injurious consequences from the irregular action of the orphans' court, it may be very well to point out what the record indicates would be the appropriate remedy in the present case. By the fifth section of the act of 1821, it is enacted that "the judge of each orphans' court, shall have power within the county, to take the probate of wills, grant and repeal letters testamentary, and letters of administration, &c." [Clay's Dig. 303 § 31.] Here is an authority to annul letters testamentary, which may have issued unadvisedly, or which subsequent occurrences make it proper should be recalled. The statute does not expressly authorise the orphans' court to set aside the probate of a will

which it has allowed, yet we apprehend that it is entirely competent, in the absence of legislation to the contrary, for that court to set aside the probate of a will which it has allowed without proof, or upon insufficient proof, and without notice to the widow and next of kin, as directed by the eighth section of the act of 1821. [Clay's Dig. 303, § 34. See also, Shields, et al. *ut supra*.] This being the case, the plaintiffs in error should apply to the Judge of the orphans court for a citation to the executor and other parties in interest, to show cause why the probate of the will should not be vacated, and the letters testamentary, repealed. Upon such a proceeding, the redress sought can be obtained.

The plaintiffs not being shown by the record to be in a situation to prosecute a writ of error, the same is therefore dismissed.