40  243
95  507

## SOWELL *vs.* SOWELL'S ADM'R.

[APPLICATION FOR REVOCATION OF PROBATE OF WILL AND GRANT OF LETTERS OF ADMINISTRATION.]

1. *Probate of will without notice to heirs and distributees.*—When a will has been admitted to probate, without notice to the parties who are by law entitled to notice, the probate will be set aside on their timely application.
2. *Parties to petition to set aside probate.*—It is not necessary in such case, though it is the better practice, that the petition should state who all the parties in interest are ; but the record must show that they were all notified of the application.
3. *United States internal-revenue tax on judicial process.*—If congress has the constitutional power to tax the judicial process of the State courts, the act which requires an internal-revenue stamp "upon writs, or other original process, by which any suit is commenced in any court of record ", (13 U. S. Statutes at large, 110,) nevertheless does not apply to a petition filed in the probate court, asking the revocation of the probate of a will.

APPEAL from the Probate Court of Dale.

IN the matter of the estate of George Sowell, deceased, on the petition of Robert G. Sowell to set aside the probate of the last will and testament of said decedent, and to revoke the letters of administration previously granted by said court to George N. Traywick. The petition was filed on the 10th day of March, 1866, and alleged, that said decedent died on the 11th September, 1863, after having executed his last will and testament, of which the petitioner and one F. D. Traywick, since deceased, were appointed the executors ; that on the 21st September, 1863, said will was propounded for probate in said court by George N. Traywick, who also prayed the grant of letters of administration to himself ; that said Traywick was neither a legatee under said will, nor a distributee of the decedent's estate, nor a creditor, nor in any manner interested in the estate, and had no right to propound the will for probate, nor to apply for the grant of letters of administration; that said probate court rendered a decree, on the 12th October, 1863, admitting said will to probate, and granting letters of administration to said Traywick ; that the petitioner in this case, who was a son of the decedent, was absent in the army when these proceedings were had in the probate court, and had no notice of them, and that he had never renounced the executorship of the will. The petition further alleged, that on the 14th October, 1863, said Traywick applied to said court for an order to sell all the property of said estate, for distribution among the parties interested ; that on the 24th and 25th days of December, having obtained the order for sale, he sold all the property, both real and personal, becoming himself the purchaser ; that he never made any distribution of the proceeds, but alleged that he had invested the money in Confederate States bonds. The prayer of the petition was, that the probate might be set aside, and the grant of letters of administration to Traywick revoked.

The defendant appeared, in answer to the citation, and moved to dismiss the petition, on the following (with other) grounds : 1st, " because said petition does not disclose who are the legatees or parties in interest "; 2d, " because said will, having been once probated in this court, cannot be set

aside in this proceeding "; 3d, " because said petition is not stamped, as by law required." The court dismissed the petition, because it was not stamped; to which ruling and decision the prisoner excepted. The decree of the court, dismissing the petition, is now assigned as error.

W. C. OATES, for the appellant.

MARTIN & SAYRE, contra.

JUDGE, J.—By repeated adjudications of this court, it has been settled, that when a will is admitted to probate, without notice having been given to those who are entitled to notice, the probate will be set aside on proper application. In *Roy v. Segrist*, (19 Ala. 810,) this question was involved ; and the judge who delivered the opinion of the court in that case, said : "We entertain no doubt upon the point made by the counsel for the plaintiff in error, that it was the *duty* of the judge of probate, if the will was admitted to be proved in the absence of notice to the next of kin, to set aside such probate, upon the application of any one of such kin, provided the law requires them to be notified. Such is the constant practice of the ecclesiastical courts of England." And such, too, as we have already said, is the settled law of this State.—*Hill v. Hill's Ex'r*, 6 Ala. 166; *Stapleton v. Stapleton*, 21 Ala. 587 ; *Bradley v. Andress*, 27 Ala. 596 ; *Lovett v. Chisolm*, 30 Ala. 88.

It appears from the allegations of the petition in the case before us, that an instrument purporting to be the last will and testament of George Sowell, was propounded for probate, by the appellee, in Dale county, on the 21st of September, 1863, which was seventeen days only after the death of the testator, the proponent having no interest in the estate, either as a distributee, or as a devisee under the will; that on the 12th of October, 1863, the court admitted said instrument to probate, as the last will and testament of said George Sowell; that the petitioner is the son of said George Sowell, deceased, and was, at the time said instrument was propounded for, and admitted to probate, absent in the military service of the then Confederate States, and had no notice of the proceedings; and a prayer

is made to set aside the probate. Many other allegations are made in the petition, which it is unnecessary to notice, which should have been regarded by the probate court as surplusage.

If the proper parties had been notified of the application, it was the duty of the probate court to have entertained the petition, and given the right to the adverse parties in interest to contest it; and if satisfied by evidence of the truth in substance of the allegations above set forth, to have vacated the probate of the will, and repealed the letters of administration with the will annexed, to the appellee.

2. It was not necessary, though such is the better practice, that the petition should have disclosed who were all the parties in interest. In such a case, however, all the parties in interest should be brought to the notice of the court in some way, and be regularly notified of the application. The proper practice in this regard, is designated in *Hill v. Hill's Ex'r*, 6 Ala. 166. It is, on the filing of the petition, to apply to the judge of probate for a citation to the executors and other parties in interest, to appear on the day set for the hearing, and show cause why the probate of the will should not be vacated, and the letters testamentary or of administration be repealed; and the record of the proceeding should show that the parties in interest have been notified of the application.

3. If congress has the constitutional power to tax judicial process of the State courts,—a proposition we by no means affirm—a petition of the character of that filed in the present case, does not come within the letter or meaning of the act of congress which requires a stamp upon "writs, or other original process, by which any suit is commenced, in any court of record, either of law or equity."— U. S. Statutes at large, vol. 13, p. 110. Consequently, a revenue stamp upon the petition was not necessary, even if that portion of the act of congress is constitutional.

It follows that the probate court erred in dismissing the petition; and its decree must be reversed, and the cause remanded.