67 469
95 507

# Jordan *et al. v.* Thompson.

## Contested Application for Letters of Administration.

1. *Petition for letters of administration; not evidence when application for is contested.*—On the trial of a contested application for letters of administration, it is error to permit the petitioner to read, as evidence, his own sworn application for letters.

2. *Record facts; how proven.*—Record facts can only be proven by the record itself, and when other evidence of them is admitted, it is error.

3. *Will; better practice, when, after application for letters, will propounded.* When, on an application for the grant of letters of administration, it appears that a paper has been propounded for probate as the last will of the deceased, it is the better practice to appoint a special administrator to preserve the assets, until the issue of *devisavit vel non* is determined.

APPEAL from Etowah Probate Court.
Heard before Hon. L. E. Hamlin.
On December 1st, 1880, John D. Chandler filed his petition in the Probate Court of Etowah county, praying that letters of administration *de bonis non* be granted to A. P. Thompson, as sheriff of said county, and *ex-officio* administrator. This petition averred that Elizabeth G. Jordan, a resident citizen of Etowah county, died there in 1874, leaving personal and real property valued at six thousand dollars; that in Febru-

ary, 1876, letters of administration on her estate were granted
to T. J. Burgess, as sheriff of said county, and *ex-officio*, ad-
ministrator ; that letters were granted to P. D. Lee, as his
successor in office, in May, 1878 ; that his term of office, as
sheriff, had expired, and that A. P. Thompson was the sheriff
of said county, and that there was no administrator of the
estate of Mrs. Jordan.   That the petitioner was a grandson,
and heir at law, of Mrs. Jordan, and resided in Marshall
county ; that before the grant of letters to said Burgess the
children of Mrs. Jordan converted to their own use all the
personal property of the estate, and claimed the title to, and
the possession of, the realty ; that at the Spring Term, 1879,
of the Etowah Circuit Court, said Lee, as administrator, ob-
tained a judgment against the children of Mrs. Jordan for
such conversion, and also recovered the lands ; that these
causes were taken, by appeal, to the Supreme Court, where
one had been affirmed and the other was still pending.   This
petition was endorsed, " sworn to, and subscribed before me,
this, December 7, 1880.   L. E. Hamlin, judge of probate."
On the 7th of December, 1880, said Chandler called up this
petition, and John and D. C. Jordan appeared and contested
said petition, and objected to the issuance of letters to A. P.
Thompson, as sheriff.   They introduced in evidence a pe-
tition filed by them on December 1, 1880, which averred that
on July 24, 1874, Mrs. Jordan executed her last will, a copy
of which was attached to the petition, and that there was no
administration on her estate, and the petitioners, who were
sons of Mrs. Jordan, prayed that the will might be admitted
to probate, and that a grant of special letters be made to
them.   This petition was not sworn to, but was filed before
Chandler's petition was filed.   It was proven that J. D.
Chandler was a grandson of Mrs. Jordan, and that John and
D. C. Jordan were her sons, and were of lawful age.   Said
Chandler then, by his attorney, offered his petition in evi-
dence, to which the contestants objected, on the ground that
it was illegal, and mere hearsay.   The court overruled the
objection, and permitted the petition to be read in evidence,
and considered it in deciding the case.   To this ruling of the
court the contestants excepted.   The court rendered a de-
cree granting letters of administration *de bonis non* to A. P.
Thompson, and denied contestants' petition to appoint them
administrators.   This decree is assigned as error by the con-
testants.

AIKEN & MARTIN, for appellants.—The court erred in ad-
mitting the petition of Chandler in evidence, nor was there
any proper evidence that there was any suit in reference to

the property of this estate pending in the Supreme Court, nor that any case in reference to it had been affirmed by the Supreme Court. The court should have granted special letters of administration.

No counsel marked for appellee.

STONE, J.—The Probate Court erred in allowing the petitioner, Chandler, to read in evidence his own sworn petition. It was, at most, an *ex-parte* affidavit, and not legal evidence, that its averments were true. The facts averred therein, some of them, are record facts, and their existence can only be proved by the record itself. The bill of exceptions states it contains all the evidence on which the probate judge acted, and it does not contain the record of the suit and recovery mentioned in the petition. As we can not know what influence this illegal testimony exerted, in forming the judgment and decision of the judge of probate, we cannot affirm that this ruling was error without injury. This works a reversal of this case.—*Blunt v. Bates*, 40 Ala. 470.

The record shows that appellants had propounded a paper in the Probate Court of Etowah, which they proposed to prove, and establish as the last will of Elizabeth G. Jordan, the right to administer whose estate is the contention in this suit. The paper thus propounded is not found in the present record, and we are not informed what it contains. If its dispositions are different from the law of descents and distributions, and if it be established as a will, then much that has been done, or might take place on the postulate of intestacy, it might become necessary to undo, and administer otherwise. A legally established will becomes the law of descent and distribution governing the particular estate, unless it contravenes some rule of law, or of public policy. If there is a will, and that will be established, then administration granted as of an intestacy, would be irregular and revocable.—*Braughtan v. Bradley*, 34 Ala. 694. In cases circumstanced as this was, when ruled on in the Probate Court, the better practice would be to appoint a special administrator to preserve the assets, until the contest, *devisavit vel non*, is determined. The consideration which would control in selecting and appointing an administrator with the will annexed, might be very different from those which would govern, if decedent died intestate.

Reversed and remanded.