# Knox *v.* Paull.

*Bill in Equity Contesting Probate of Will.*

1. *Contest of will in equity* —Under statutory provisions regulating the probate and contest of wills (Code, §§ 1987-89, 2000), a person interested in the estate who did not contest the will when offered for probate, although he employed counsel, and was examined as a witness for the contestant, may contest it by bill in chancery at any time within five years.

APPEAL from the Chancery Court of Montgomery.
Heard before the Hon. JOHN A. FOSTER.
The bill in this case was filed on the 18th April, 1891, by Wm. C. Paull and his sister, grandchildren of Mrs. Anna O. Knox, deceased, against William Knox and Alex. Troy, her executors, and sought to set aside the probate of her last will and testament, and to remove the administration of the estate into the Chancery Court. The will had been admitted to probate after a contest by Edward N. Knox, another grandchild, as shown by the report of the case, *ante*, pp. 495-504; and the bill assailed its validity on the same grounds on which it was then contested. The defendants answered the bill, and in their answer incorporated two pleas in bar, the first setting up the decree admitting the will to probate as conclusive, on the ground that complainants were served with notice of the application for probate, "and cited to appear and contest said application, if they saw fit to do so; that they were examined as witnesses by said contestant, Edward Knox, on the trial of said matter; that they then had employed as their counsel, in the matter of protecting their interest in said property, the same counsel now representing them, and who represented said Edward Knox; and that, by advice of counsel, they purposely abstained from making themselves nominally parties to said contest, in order that they might file their present bill, and inaugurate a new contest, in the event of the failure of the contest by said Edward Knox. The chancellor held the

pleas insufficient, and his decretal order is here assigned as error.

SEMPLE & GUNTER, and H. C. TOMPKINS, for appellant.

CHARLES WILKINSON, *contra*.

WALKER, J.—At the common law, the probate of a will by which real estate was devised was without effect upon the title to that species of property. Indeed, so far as real estate was concerned, there was no such thing as the probate of a will in the sense in which the term was used in reference to wills of personal property. The latter class of wills could be probated either in common form or in solemn form. A probate in common form was permitted without notice to parties in interest, and without affording them an opportunity to contest. They were not required to abide by the result of such a summary proceeding, if they chose to demand that the will be proved in solemn form, which involved a citation to all persons interested in the estate, so as to bind them by the decree rendered. Schouler on Executors and Administrators, § 65 *et seq.*; Woerner on American Law of Administration, §§ 215 *et seq.*

These common-law methods and distinctions are obsolete, as our statutes have established an entirely new system of probating and contesting wills of both real and personal property. A will, whether of real or personal property, must now be proved in the Probate Court, before any legal rights can be asserted under it; and it may be contested in that court before it has been admitted to probate.—Code, §§ 1976 and 1989. When it has once been probated in that court, in the mode prescribed by the statute, it can not be contested except by bill in chancery by a person interested therein, who has not already contested it.—Code, § 2000. It has been said that the provision for a contest by bill in chancery stands in the place of, and is the substitute for the proof in solemn form, as practiced in the Ecclesiastical Courts, when the will was of personal property, and of the action of ejectment at common law, when the will was of real estate.—*Lyons v. Campbell*, 88 Ala. 462 ; *Kumpe v. Coons*, 63 Ala. 448 ; *Johnston v. Glasscock*, 2 Ala. 218.

It is not to be understood from this statement that the contest by bill in chancery is merely the old proof in solemn form in a new dress, or that the admission of the will to probate in the mode prescribed by the statute amounts only to the old proof in common form. The attempt to

trace resemblances between the methods of proving and contesting wills under the statute, and the system which it superseded, suggests certain analogies which are apt to mislead, as the proceedings under the two systems are widely dissimilar in important particulars. The statute does not contemplate any such *ex-parte* proceeding as the old proof in common form. Notice to the widow and next of kin of the decedent, and an opportunity for them to contest, are required whenever a will is offered for probate.—Code, §§ 1987 to 1989. These requirements give an original probate under the statute features similar to those of the old proof in solemn form. But the effect of the probate is not the same. A proceeding for the probate of a will, whether at common law or under the statute, is in the nature of a proceeding *in rem*, so that a judgment admitting the instrument to probate as the last will and testament of the decedent, until it is avoided in some mode prescribed by law, establishes, as against the whole world, the instrument as the law of descent and distributions governing the particular estate, unless it contravenes some rule of law or of public policy; and the judgment giving this operation to the instrument can not be collaterally impeached for irregularities which may have intervened in the proceedings after the jurisdiction of the court attached.—*Deslonde v. Darrington*, 29 Ala. 92; *Hall v. Hall*, 47 Ala. 290; *Brock v. Frank*, 51 Ala. 85; *Jordan v. Thompson*, 67 Ala. 469.

When the will is admitted to probate, without notice to a party who is entitled to notice, the failure to give such notice is a mere irregularity, which will authorize the setting aside of the probate on proper application.—*Sowell v. Sowell*, 40 Ala. 243. The proof in solemn form was conclusive, as a judgment *inter partes*, upon all persons interested in the estate who were summoned to see the proceedings. Modern Probate of Wills, 391. The same conclusive effect upon the widow or next of kin is not, as a result of the service of the statutory notice upon them, given to the judgment admitting the instrument to probate. It has long been settled that the proceeding under the statute for the probate of a will does not assume the form, and is not a suit *inter partes* as to the heirs or distributees, except as to those who come forward and have themselves made parties in the manner provided by law.—*Kumpe v. Coons*, 63 Ala. 455; *Allen v. Prater*, 35 Ala. 169. Those who were served with notice of the proceeding, but who did not contest the will in the Probate Court, are not bound by the judgment admitting the instrument to probate, as they would be by

an ordinary judgment or decree rendered in a proceeding to which they were made parties by due service of process. Why? Because the statute provides in their favor a special mode of avoiding the effect of the judgment of the Probate Court admitting the instrument to probate. This is the provision: "Any person interested in any will, who has not contested the same under the provisions of this article, may, at any time within five years after the admission of such will to probate in this State, contest the validity of the same by bill in chancery, in the district in which such will was probated, or in the district in which a material defendant resides."—Code, § 2000.

This statute has existed in this State since the year 1806, having undergone some change in phraseology, but not in meaning.—*Watson v. Turner*, 89 Ala. 220; Aiken's Dig. 450. It seems that the original statute had been in force for a number of years before any provision was made, in the ordinary proceeding for the probate of the will, for notice to parties in interest. The earliest statute we have found which made provision for such notice was enacted in 1821. Toulmin's Digest, 887. It is urged in argument, that the provision in the statute of 1806 for a contest by bill in chancery, having been enacted at a time when no notice of the application for probate was required, was intended to afford a remedy for those who had had no notice of the original proceeding for the probate of the will; and that the subsequent statute requiring notice to parties interested in such proceeding did not extend the scope of the remedy by bill in chancery, but still left that remedy for the benefit of those only who had failed to be notified of the proceeding for a probate. This contention involves such a restriction of the scope of a contest by bill in chancery as would make it merely a new method of taking advantage of the failure to give notice to a party who was entitled to notice when the will was admitted to probate. As has been already stated, for such a mere irregularity, in such a case, the common law authorized the court granting the probate to set it aside on proper application.—*Sowell v. Sowell, supra.* The language of the statute does not indicate that the contest of a will by bill in chancery must be based primarily upon a mere irregularity in the original probate. When the statutes were first codified, both the provision for notice to parties in interest in the probate proceedings, and that for a contest of the will by bill in chancery, had long been in force. In view of the fact that there was already another remedy for setting aside a probate, in favor of one who had

[Knox v. Paull.]

not received the notice to which he was entitled, it is to be presumed that, if it had been the intention to make the right to contest the will by bill in chancery dependent upon the existence of such mere irregularity in the probate proceeding, such intention would have been manifested in the language of the statute. No such intention is disclosed by the language used. The provision that "any person interested in any will, who has not contested the same under the provisions of this article, may  .  .  .  contest the same by bill in chancery," standing side by side with a provision for notice to all persons interested in the estate, of any application for the probate of a will, clearly implies that the right to contest in chancery is not cut off by the probate of the instrument after notice to the party subsequently desiring to contest. It is perfectly plain that the statutory system of probating and contesting wills contemplates that the widow and next of kin shall have notice of any application for the probate of a will of the decedent, and that, before any instrument is admitted to probate as a last will and testament, all persons interested therein, or in the estate of the decedent if he died intestate, should have an opportunity to contest its validity in the Probate Court. We think it is equally plain, that it was the intention of the statute to afford the further opportunity of contesting the will in the Chancery Court within five years, to any person interested in the will, who either did not have, or did not avail himself of the opportunity to contest it in the Probate Court.

Good reasons may be suggested for affording this additional opportunity to contest the validity of a will which has been regularly admitted to probate after due notice to all parties in interest. The application to prove the will usually follows close upon the death of the testator. The application comes on for hearing as soon as the short prescribed terms of notice have expired. It must frequently happen that persons interested in the proceeding are wholly unable, while it is pending, to inform themselves as to the instrument offered for probate, or of the circumstances attending its execution. Facts affecting its validity may be developed afterwards, and the failure to discover them, or to obtain the evidence to prove them, may have been without the fault or any lack of diligence on the part of those interested in making a contest. In view of such contingencies, there is manifest propriety and justice in allowing a reasonable time after a formal and regular probate, for a contest of the validity of the will by one who did not make

[Tolleson v. Blackstock.]

a contest in the Probate. Court. We have no doubt that this was the intention of the statute.

The appellees were not nominal parties to the contest inaugurated in the Probate Court. It is averred in plea number one that they were examined as witnesses on the trial of that contest, and that they had then employed as their counsel to protect their interest in said matter the same counsel who now represents them in this case, and who represents the contestant in the other case, and that they purposely by advice of said counsel abstained from making themselves nominally parties to said contest, that they might file their present bill and inaugurate a new contest. Conceding that the appelles could not maintain their present bill if they so aided and abetted the contestant in the other case as to become jointly responsible with him for what was done in his name alone, but really for their common benefit; yet the averments of the plea do not sufficiently show that such was the fact.—*Donegan v. Wade,* 70 Ala. 501.

The conclusion is, that the chancellor was correct in adjudging the first plea to be insufficient. The ruling on the second plea is not insisted on in the argument for the appellants.

Affirmed.