(101 South. 588)

## FIELDS et al. v. FIELDS. (6 Div. 71.)

(Supreme Court of Alabama. Oct. 16, 1924.)

1. **Trusts ⬳95—Fraud, imposition, or mistake may constitute purchaser or donee a trustee ex maleficio.**

Fraud, imposition, or mistake in original transaction may constitute the purchaser or donee a trustee ex maleficio.

2. **Trusts ⬳371(2)—Bill to set aside conveyance and to require grantee as trustee to account held to charge actionable fraud.**

Bill to set aside complainants' conveyance of land as having been procured by fraud, and to require grantee as trustee ex maleficio to account for proceeds of sale to third parties, *held* to charge actionable fraud.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by James William Fields and others against William M. Fields. From a decree sustaining demurrer to the bill, complainants appeal. Reversed and remanded.

Harsh, Harsh & Harsh, of Birmingham, for appellants.

Whenever the legal title to property has been obtained by such means and under such circumstances as render it unconscientious for the holder of the legal title to enjoy the beneficial interest, equity will impress a constructive trust on the property or proceeds thereof in favor of one equitably entitled thereto. Kent v. Dean, 128 Ala. 600, 30 So. 543; Manning v. Pippin, 86 Ala. 357, 5 So. 572, 11 Am. St. Rep. 46; Deming v. Lee, 174 Ala. 410, 56 So. 921; Smith v. Smith, 153 Ala. 504, 45 So. 168; Robinson v. J Bice & Sons, 206 Ala. 546, 90 So. 309. Misrepresentation and fraudulent intent are sufficiently charged in the bill. Authorities supra; Burford v. Steele, 80 Ala. 148; Pickett v. Pipkin, 64 Ala. 520.

R. D. Coffman, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. [1, 2] The bill in its final shape is not a bill to declare a parol trust ex contractu, and so is unaffected by the decision in Patton v. Beecher, 62 Ala. 579. It is a bill to set aside complainants' conveyance of land as having been procured by fraud, and to hold defendant as a trustee ex maleficio to account for the proceeds of the sale of the land made by defendant to third parties. "Fraud, imposition, mistake, in the original transaction, may constitute the purchaser, or donee, a trustee ex maleficio." Patton v. Beecher, supra. The bill charges that defendant procured the conveyance from complainants on the promise that he would sell the land and divide the proceeds with them, and the gist of the fraud charged is that "defendant at the time of making the said representations and of procuring said deed from grantors had the fraudulent intent of appropriating said land or the proceeds thereof to his own use and benefit and of not accounting to said grantors for their interest in said land." This sufficiently charged actionable fraud. Clarkson v. Pruett, 201 Ala. 632, 79 So. 194. And, this being true, the rest follows as a matter of course.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.