57 So.2d 94

### TIPTON et al. v. TIPTON et al.
### 4 Div. 645.

Supreme Court of Alabama.
Dec. 6, 1951.

Rehearing Denied March 6, 1952.

Allen Cook and E. O. Baldwin, Andalusia, for appellants.

Ralph A. Clark, Andalusia, for appellees.

LAWSON, Justice.

The appeal is from a decree sustaining demurrer to a bill in equity and dismissing the bill, which was amended seven times.

We freely admit that we have encountered much difficulty in determining from the bill and its numerous amendments the grounds upon which complainants seek relief in a court of equity.

It does appear that this is a controversy between the children of Joel J. Tipton, who died testate on July 31, 1944. The controversy is over approximately 107 acres of land situate in Covington County, Alabama. Joel J. Tipton in his will left this land "in equal parts" to his sons John Walter Tipton and George Victor Tipton, the original respondents in this cause, subject to a life estate in his widow, Mrs. Naomi Tipton, who died prior to the time this suit was filed.

The complainants here are two other sons of Joel J. Tipton, namely, J. E. Tipton and W. A. Tipton. They want respondents John Walter Tipton and George Victor Tipton to divide the suit property with them and the other heirs at law of Joel J. Tipton, who were made parties respondent by amendment to the bill.

Complainants seem to base their claim to the suit property on two theories. First, that the respondents John Walter Tipton and George Victor Tipton took the suit property as trustees for all the heirs at law of Joel J. Tipton, upon the representation to their father that after his death and that of his wife they would divide the property equally between his heirs at law, which representations were fraudulently made in that at the time such representations were made the promisors did not intend to carry out their promise to their father, who was at the time "between 75 and 80 years of age, was feeble, and at the time trusted in and depended upon his sons, John Walter Tipton, and George Victor Tipton, the respondents in this cause, to advise with him, counsel with him and otherwise help him in the conduct of his business affairs, and he then trusted them exclusively and completely in all things. That said respondents or either of them by contrivance, deceit or false representation acquired the apparent legal title to all property of said decedent, but that in order to do so, the respondent J. W. Tipton, promised said decedent that he and the other respondent would divide the property equally among all the heirs of said decedent, and his promise induced the decedent to execute said will in its present

form." In brief filed here on behalf of appellants appears the following statement: "It is admitted by these appellants that the will was silent as to any trust feature and that the trust was purely oral."

The other theory on which complainants seem to seek to obtain an interest in the suit property is that after the death of Joel J. Tipton, the respondent John Walter Tipton agreed in writing to divide, for a valid consideration, the property among all the heirs of his father. Complainants seek to have these alleged contracts specifically performed.

We are not inclined to set out here the various amendments to the bill which relate to the question of specific performance. The written agreement which complainants seek to have specifically performed is not set out in the bill or made an exhibit thereto, nor are the terms of the agreement averred in the bill in such a manner as to be understandable. The rule has long been established that great accuracy of averment is required in bills for specific performance. Tillman v. Calhoun Lumber Co., 245 Ala. 595, 18 So.2d 561, and cases cited.

We come now to that aspect of the bill seeking to enforce an alleged parol trust agreement.

The violation of a parol trust agreement concerning lands if established, is not of itself that nature of fraud which will sustain a bill to enforce the trust founded on such claim of fraud. Bartlett et al. v. Bartlett et al., 221 Ala. 578, 130 So. 194; Tolleson v. Blackstock, 95 Ala. 510, 11 So. 284; Moore v. Campbell, 102 Ala. 445, 14 So. 780; Patton v. Beecher et al., 62 Ala. 579; § 149, Title 47, Code 1940.

Complainants' bill, however, may sufficiently allege that the original respondents are trustees *ex maleficio*, in that it charges fraud and undue influence, a species of fraud, in the original transaction. Patton v. Beecher et al., supra; Fields et al. v. Fields, 211 Ala. 649, 101 So. 588.

But fraud and undue influence are grounds for contesting a will. It affirmatively appears from the bill as amended that the will was admitted to probate on October 25, 1948, after the complainants had been unsuccessful in a will contest proceeding instituted by them.

The probate of a will is a proceeding in rem, fixes the status of the res, binding on all the world until revoked or vacated in a direct proceeding to that end. Caverno et al. v. Webb, 239 Ala. 671, 196 So. 723.

Complainants cannot in a proceeding of this kind have the will destroyed on the ground that it was obtained by fraud or undue influence, after it has been admitted to probate subsequent to contest instituted by them, wherein those questions were or could have been raised.

We are clear to the conclusion that the trial court correctly sustained the demurrer going to the amended bill as a whole.

We are likewise of the opinion that the trial court correctly dismissed the bill. Alabama Lime & Stone Co. v. Adams, 222 Ala. 538, 133 So. 580.

The decree appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.