114 So.2d 149

**Anna Mae Mitchell SMITH**

v.

**Callie MITCHELL et al.**

**6 Div. 334.**

Supreme Court of Alabama.

Aug. 13, 1959.

Walter C. Hayden, Birmingham, for appellant.

A. Leo Oberdorfer and Eugene M. Zeidman, Birmingham, for appellees.

STAKELY, Justice.

In this case the original bill of complaint was filed by Anna Mae Mitchell Smith against Callie Mitchell, Mary Frances Mitchell Smith and Alfonso H. Mitchell. The demurrer of Callie Mitchell to the bill of complaint was sustained by the court and the case comes here on appeal from that decree. The bill of complaint in substance shows the following.

The complainant Anna Mae Mitchell Smith is a resident citizen of Jefferson County, Alabama, and is over the age of twenty-one years. The defendant Callie Mitchell is a resident of Jefferson County, Alabama, and is over the age of twenty-one years. The defendant Mary Frances Mitchell Smith is a nonresident of the State of Alabama and is a resident of the County of Los Angeles, State of California, and is over the age of twenty-one years. The defendant Alfonso H. Mitchell is a nonresident of the State of Alabama and is a resident of Bucks County, State of Pennsylvania, and is over the age of twenty-one years.

On towit the 17th day of September, 1943, David Mitchell and Callie Mitchell, his wife, executed a mortgage to C. E. Leonard in the sum of $1,275, on the following described real estate situated in Jefferson County, Alabama, towit:

Lot 16, in Block 9, according to map and plan of property of W. J. Vann and others, as recorded in the office of the Probate Judge of Jefferson County, Alabama, in Map Book 1, page 34, etc. Also Lot 11, according to L. V. Rosser's subdivision of Block 8, of W. J. Vann et al. Addition to Woodlawn, etc.

This mortgage was filed for record and recorded in the Probate Office of Jefferson County on September 17, 1943, in Volume 3439, p. 537 and a copy of this mortgage is attached to the bill of complaint, marked Exhibit A and made a part thereof. On the margin of the record where this mortgage is recorded appears the following: "This mortgage paid and satisfied in full. This 17 day of August 1946. C. E. Leonard his Attorney in fact."

On towit the 21st day of January, 1944, David Mitchell executed a warranty deed to the defendant Callie Mitchell conveying Lot 16 in Block 9 according to the map and plan of property of W. J. Vann, etc., which is recorded in the Probate Office of Jefferson County, Alabama. A copy of this deed is marked Exhibit B, attached to the bill of complaint and made a part thereof. This deed provided that the property is free from encumbrances but subject to the balance of the indebtedness due under that certain mortgage executed by David Mitchell and Callie Mitchell to C. E. Leonard, recorded in Volume 3439, p. 537, Record of Deeds in the Probate Office of Jefferson County.

On towit July 29, 1923, David Mitchell, now deceased, married the defendant Callie Mitchell and they lived together as man and wife until towit the 19th day of April, 1944. David Mitchell and the defendant Callie Mitchell entered into a stipulation on towit April 28, 1944, in which it was agreed that in the event of a divorce being granted in a cause pending between them, David Mitchell would convey certain real estate described in the stipulation to the defend-

ant Callie Mitchell and further agreed that he would pay the balance due on the mortgage executed to C. E. Leonard on said property and other property, which mortgage is attached to the bill of complaint, marked Exhibit A and made a part thereof, the balance being approximately $1,155. A copy of this stipulation is attached to the bill of complaint, marked Exhibit C and made a part thereof.

On towit the 12th day of May, 1944, a final decree of divorce was entered in the Circuit Court of the Tenth Judicial Circuit of Alabama, in Equity, in which the bonds of matrimony existing between the said David Mitchell and the defendant Callie Mitchell were dissolved. A copy of this final decree is attached to the bill of complaint, marked Exhibit D and made a part thereof. The decree further provided that David Mitchell should pay the mortgage on the aforesaid property, said mortgage being attached to the bill of complaint, marked Exhibit A and made a part thereof, said mortgage being payable to C. E. Leonard in the approximate balance of $1,-155. In the event David Mitchell fails to pay the payments due under the mortgage marked Exhibit A, then all other property owned by David Mitchell shall become liable for said mortgage and David Mitchell agreed to execute a mortgage on said other property.

The bill further avers that in pursuance to the terms of said decree David Mitchell executed a mortgage on the 12th day of May, 1944, to the defendant Callie Mitchell in the sum of $1,155 on the lots described as Lots 9, 10 and 11 according to L. V. Rosser's Survey and on other property. This mortgage was filed for record in the Probate Office of Jefferson County on June 24, 1944, in Vol. 3502, p. 275, and a copy of this mortgage is attached to the bill of complaint, marked Exhibit E and made a part thereof.

David Mitchell, who was an inhabitant of Jefferson County at the time of his death, died on or about September 21, 1957, leaving a last will and testament dated June 27, 1952. On October 22, 1957, the said last will and testament of David Mitchell, deceased, was duly probated in the Probate Office of Jefferson County, Alabama, and was recorded in Book of Wills, Volume 130, pp. 176–190. A copy of this will is attached to the bill of complaint, marked Exhibit F and made a part thereof. This will contains the following provisions:

"I give, devise and bequeath to Annie Mae Mitchell Smith, Doris Mae Mitchell, Mary Francis Mitchell and Alfranzo Mitchell share and share alike, the following described property to-wit:

"Lot 11 according to L. V. Rosser's subdivision of Block 8 of W. J. Vann et al addition to Woodlawn recorded in Map Book 2 at page 12.

"Subject, however to the mortgage to Callie Mitchell recorded in Volume 3502 at Page 275 in the amount of $1155, together with interest thereon and also subject to a mortgage in the amount of $2228.76 which represents cash money in the amount of $1400 which was advanced as a loan by Callie Mitchell to me when I originally purchased this property. This also represents $275 which was the reasonable value of a Plymouth automobile that Callie turned over to me to be used by me as a down payment in the purchase of another automobile. It is true that subsequently I turned back the other automobile and was able to avoid any further payments thereon but I had lost the Plymouth which I took from Callie Mitchell to use as a down payment and I am indebted to her in the said amount of $275 therefor and am including this in the mortgage I am now executing. There is also included in this mortgage $553.76 which represents miscellaneous advances made to me by Callie Mitchell from time to time."

Letters testamentary upon the last will and testament of David Mitchell were granted to the defendant Callie Mitchell and she is now acting as executrix of said estate.

On January 14, 1958, Doris Mae Mitchell Martin, one of the devisees in said will, executed a deed to the complainant for the property described in the bill of complaint which was duly recorded and a copy of this deed is attached to the bill of complaint, marked Exhibit G and made a part thereof.

Callie Mitchell again went through a marriage ceremony with David Mitchell on the 21st of January, 1953, at which time David Mitchell was well over 70 years of age and the defendant Callie Mitchell was about 54 years of age. It is alleged that the defendant Callie Mitchell dominated over the mind and controlled all the property of David Mitchell, deceased, collected all his rents and other income and has collected a large amount of rents from the property willed to this complainant and the defendants Mary Frances Mitchell Smith and Alfonso H. Mitchell since his death, for which she has made no accounting; that upon an accounting the defendant Callie Mitchell would owe the complainant and the defendants Mary Frances Mitchell Smith and Alfonso H. Mitchell a large sum of money; that all of the books and records of the transactions between David Mitchell, deceased, and the defendant Callie Mitchell are in the possession of the defendant Callie Mitchell and the complainant is unable to state an account without discovery from the defendant Callie Mitchell.

We quote Section 15 of the bill as follows:

"The complainant further avers the indebtedness the mortgage attached to this Bill of Complaint and made a part thereof and marked 'Exhibit E' was given to secure has long since been paid in full as is evidenced by its being marked paid and satisfied on the margin thereof as will fully appear from an examination of 'Exhibit A' attached to this Bill of Complaint and made a part hereof."

The record does not show any satisfaction of the mortgage marked Exhibit E on the margin of the record where this mortgage is recorded.

After the final decree of divorce was entered on May 12, 1944, in which the bonds of matrimony heretofore existing between David Mitchell and the defendant Callie Mitchell were dissolved, nevertheless they continued to live in the same house together and the defendant Callie Mitchell dominated over and controlled the affairs of David Mitchell. She procured an execution of a will by the said David Mitchell on the 27th day of June, 1952, which is the will attached to this bill of complaint, marked Exhibit F and made a part hereof. That at the same time and on the day following, towit, June 28, 1952, Callie Mitchell had David Mitchell execute a mortgage to her in the sum of $2,228.76, a copy of which mortgage is attached to the bill of complaint, marked Exhibit H and made a part hereof.

It is further alleged that there was never any consideration for the mortgage attached to the bill of complaint and made a part thereof and marked Exhibit H or if there ever was any consideration therefor, it has long since been paid in full, but if the complainant is mistaken in the averment that there was never any consideration for said mortgage and that the same has not been paid in full, then she avers in the alternative that she is ready, willing and able to pay any sum that may be found to be due on said mortgage by the court.

The complainant further avers that notwithstanding said mortgages described as Exhibit E and Exhibit H have been paid in full, Callie Mitchell has delivered the said mortgages to an attorney who has advertised said property for sale under and by virtue of the power of sale contained in said mortgages.

The bill prays that the court enter an order that the mortgage described as Exhibit E was given to secure an indebtedness that has been paid in full and that such mortgage be delivered up for cancellation and that the mortgage described as Exhibit H was made without any consideration and that the same be delivered up for cancellation; that Callie Mitchell be required to make a complete accounting of all moneys received by Callie Mitchell for rent or otherwise collected from said property; that a judgment be rendered against Callie Mitchell for any amount shown to be due by her to the complainant on such accounting; that should the court determine that there is any balance due on said mortgages or either of them, that a decree be entered adjudging and decreeing that such amount be paid by the complainant into the registry of the court within a time fixed by the court and that upon such payment said mortgages or either of them shall be declared of no further force or effect.

Complainant submits herself to the jurisdiction of the court and offers to do equity in the premises.

■ I. The last will and testament of David Mitchell was properly executed, duly proved and admitted to probate. It recites that David Mitchell owes Callie Mitchell the amounts claimed to be due under the mortgage marked Exhibit E for $1,155 and under the mortgage marked Exhibit H for $2,228.76. The will was never contested on any ground. The allegations of the complaint in regard to undue influence and mental incompetence notwithstanding, the will remains a valid instrument executed by a person of sound mind and disposing memory. It is the general rule that a judgment or decree of probate unless plainly void or made without jurisdiction, cannot be collaterally attacked or impeached. Tipton v. Tipton, 257 Ala. 32, 57 So.2d 94; 95 C.J.S. Wills § 578, p. 687.

While the demurrer does not attempt to raise the proposition that the complainant is estopped to deny the indebtedness shown by the recitals in the will when she has accepted the devise made to her by the will (See 96 C.J.S. Wills § 1149, p. 944), still we consider that the recitals in the will, as between David Mitchell and Callie Mitchell and those claiming under David Mitchell, are strong evidence of the amount which David Mitchell owed Callie Mitchell at the time of the execution of the will, which was on July 27, 1952. As to the indebtedness secured by the mortgage marked Exhibit E, there is no allegation of payment by David Mitchell's estate and construing the pleadings against the pleader, it may be that because the mortgage marked Exhibit E was executed to Callie Mitchell, the satisfaction of the mortgage marked Exhibit A was made on the margin of the record of the mortgage marked Exhibit A. The record does not show any satisfaction on the margin of the record of the mortgage marked Exhibit E. It will be recalled that David Mitchell made the mortgage to Callie Mitchell marked Exhibit E not only on Lot 11 but also on Lots 9 and 10. It will be recalled that the divorce decree also provided that in the event David Mitchell fails to pay the payments due under the mortgage marked Exhibit A, then all other property owned by David Mitchell shall become liable for said mortgage and David Mitchell agreed to execute a mortgage on said other property. Nowhere in the bill of complaint is there any allegation that the mortgage marked Exhibit E was paid, except as a mere conclusion. The bill of complaint does not any where recite the manner of payment, when paid or by whom the payment or payments were made.

The allegation that the mortgage described as Exhibit H was given to secure an indebtedness that had been paid in full, seems to us to be gratuitous and unsustained by any allegation of fact. This mortgage marked Exhibit H was executed in 1952, the day after the will was executed, and the will recites that the mortgagor is indebted to the mortgagee in the amount of $2,228.76. No facts are alleged as to when or by whom or under what circum-

stances the mortgage marked Exhibit H has been satisfied.

A number of cases are cited by the appellant to show that the relationship existing between David Mitchell and his wife was a confidential relationship and that the burden is on Callie Mitchell to explain the transactions between herself and David Mitchell. It does not seem to us, however, that these authorities are controlling when the will of David Mitchell with its recitals as hereinabove set forth was duly probated and no contest made of the probate of the will. The time for such contest has now expired.

Under the circumstances which have been set forth we consider that the court acted correctly in sustaining the demurrer of Callie Mitchell to the bill of complaint and that such action should now be upheld by this court.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.