Plaintiffs John Savage, Richard Black, and Jackie Savage appeal from a summary judgment in a suit for the partition or sale of land. We reverse.
Mildred Savage owned a forty-acre tract of land in St. Clair County, Alabama. Mildred died on April 14, 1974. Her niece, Gertrude Seals, offered Mildred's will, dated August 27, 1973, which was handwritten with no subscribing witnesses, for probate. Mildred's nephew, appellant John Savage, contested that will and attempted to probate another will dated May 4, 1966. An agreement was then reached wherein Savage dropped the will contest and withdrew the 1966 will. The handwritten 1973 will was probated, and its devisees executed deeds for portions of the property consistent with the terms of the will. John Savage received a deed for ten acres of the property.
In 1982, John Savage brought this action for partition or sale of the entire forty acres. Savage contends that Mildred's 1973 will was invalid, since it was not attested by two witnesses. Therefore, he argues, the deeds executed by the devisees under that will were also invalid, since the property should have passed by intestate succession and only the heirs could convey the land. Savage claims a one-seventh interest in the forty acres, as a tenant-in-common with Mildred's other heirs, and is seeking partition or sale of the land as a matter of right, pursuant to Code 1975, § 35-6-20. Two of Mildred's other heirs, in intestacy, defendants Richard Black and Jackie Savage, filed motions to be realigned as plaintiffs in the partition action. While their motions were pending, the trial court granted summary judgment for all defendants. John Savage, Richard Black, and Jackie Savage appeal.
In order for the court to render summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. General Inv. Corp. v. TexasRefinery Corp., 451 So.2d 1373 (Ala. 1984); Rule 56 (c), A.R.Civ.P. Whenever there is a scintilla of evidence supporting the position and assertions of the nonmoving party, summary judgment is inappropriate. Bank of the Southeast v. Jackson,413 So.2d 1091 (Ala. 1982). Here, there was some evidence to support Savage's contention that he held an interest in the entire forty acres.
It is the general rule that a judgment or decree of a probate court cannot be collaterally attacked or impeached, unless plainly void or made without jurisdiction. Smith v. Mitchell,269 Ala. 463, 114 So.2d 149 (1959). The probate court has jurisdiction to probate wills, but not to convert something that the law says is not a will into a will and thus to nullify, or, in effect, amend or repeal our statutes. BlacksherCo. v. Northrup, 176 Ala. 190, 57 So. 743 (1911).
Alabama law has rejected the idea of permitting holographic wills in the historic sense (i.e., a will entirely in the handwriting of the testator and valid without *Page 698 
witnesses) to be validly executed in Alabama, unless the testator is a nonresident. Comment, Code 1975, § 43-8-131.[1] The rule in Alabama is that an instrument must be subscribed by at least two witnesses to be valid as a will. Section 43-8-131. See Ray v. McClelland, 274 Ala. 363, 148 So.2d 221 (1962) (applying Code 1940, Tit. 61, § 24); Arrington v. Brown,235 Ala. 196, 178 So. 218 (1938) (applying Code 1923, § 10598);Elston v. Price, 210 Ala. 579, 98 So. 573 (1924) (applying Code 1907, § 6172). Thus, a probate court has no jurisdiction to probate an instrument not attested properly.
In Blacksher, supra, which was also a partition case, the probate decree indicated that only one witness had attested the will in question. The Court said:
 "While the decree of the probate court declares the instrument in question to be proven and admitted it to probate, it shows upon its face that it was not a will under the laws of this state. The decree affirmatively shows upon its face, and in fact recites, that it was attested by but one witness W.A. Shomo, `the only witness.' If this was true, and we must consider all of the recitals of the decree, then the instrument offered was a nullity as a will. It did not purport to be a will, and gave the probate court no jurisdiction."
In the instant case, the decree of the probate court shows that only one witness, Mittie B. Kennedy, testified she witnessed the signing of the will. The proof of will form, as well as the will itself, indicates that Ms. Kennedy did not sign the will as an attesting witness. Thus, a question arises as to whether the probate decree was entered without jurisdiction and is therefore a nullity subject to collateral attack. Since there is some evidence to support Savage's contention that he is a tenant-in-common as to the entire 40 acres, summary judgment was inappropriate.
For the foregoing reasons, we must reverse the judgment of the trial court.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES and ALMON, JJ., concur.
[1] Although § 43-8-131 is part of this State's Probate Code which became effective January 1, 1983, long after the death of Mildred Savage, the Commentary to this section points out that "prior Alabama law is in accord with this section."