ALMON, Justice.
This is an interpleader action. Ander-man Oil Corporation, along with working interest owners, paid into court monies derived from the production of oil on certain property, the ownership of which is in question, and requested that the Circuit Court of Lamar County determine the rightful owners.
Lessie Jones, the former owner of the property in question, died on March 24, 1974, leaving a will. She was survived by Bob Jones, her husband; Lessie Nell Hollis, a niece; and Velma Henry, a half-sister. She had no children or other lineal descendants.
This will was in the possession of Bob Jones, and he was the sole recipient of the property under its provisions. On October 26, 1978, Bob Jones executed a warranty deed conveying the property to appellee Fred Wallace. Bob Jones died on August 28, 1979, without ever having submitted Lessie Jones’s will for probate.
On October 1, 1981, Lessie Nell Hollis, believing herself to be an intestate heir of Lessie Jones, conveyed to Andrew J. Smit-hart III an interest in the property described as “An undivided one-half of Grant- or’s one fourth interest in and to all of the oil, gas, and other minerals.” Smithart in turn, on the same date, conveyed his entire interest to Nolan Clark.
On March 31, 1982, the will of Lessie Jones was admitted for probate in Marion County. Lessie Nell Hollis on March 16, 1982, was served with notice of the hearing on the petition to probate, but did not appear to contest the probate of the will. Neither did she contest the validity of the will by filing a complaint in the Circuit Court of Marion County within 6 months after it was probated, as provided for in Code 1975, § 43-8-199, formerly Code 1975, § 43-1-79, and earlier Code 1940, T.61, § 64.
The Circuit Court of Lamar County in the instant proceeding found that Fred Wallace is the owner of the surface of the subject property and the minerals less and except the mineral interest which was conveyed to Andrew J. Smithart by Lessie Nell Hollis and which is now owned by Nolan Clark. As the basis of its decision to allow Clark to maintain his interest, the trial court determined that he should be afforded the protection of Code 1975, § 43-1-49, formerly Code 1940, T.61, § 51, and now appearing at § 43-8-172 in that he received title through a bona fide purchaser.
From this decision Lessie Nell Hollis appeals, contending first that the trial court committed reversible error in finding that the probate of Lessie Jones’s will was valid. .
The record reveals that the will was admitted for probate without objection on March 31, 1982. Appellant, Hollis, was served with notice of the probate proceedings but did not contest the will. After the instant interpleader action was initiated, Hollis petitioned for removal of the estate of Lessie Jones from the Probate Court of Marion County to the Circuit Court of Marion County, and the petition was granted on April 21, 1983. Although the proceedings concerning the probate of the will in Marion County are not before us, we note *877 that the removal from probate court to circuit court was apparently untimely. Code 1975, § 43-8-199, provides that any person interested in any will, and who has not contested it, may, at any time within six months after the admission of the will to probate, contest it by filing a complaint in the circuit court of the county where the will was probated. More than six months expired before the petition to remove was filed, thus barring the application of § 43-8-199. This statute provides the sole remedy where a person interested in an estate fails to join a will contest in probate court. Allen v. Pugh, 206 Ala. 10, 89 So. 470 (1921).
We therefore conclude that the trial court’s decision in the instant proceeding that Lessie Jones’s will was valid, was well founded.
Hollis next contends that the trial court erred in divesting her of her interest in the property because she pled Code 1975, § 43-8-161, in the instant proceeding.
Section 43-8-161, formerly Code 1975, § 43-1-37, and formerly Code 1940, T.61, § 34, provides that “[wjills should not be effective unless filed for probate within five years from the date of death of the testator.” Lessie Jones’s will was probated more than five years after her death. Section 43-8-161, however, has been held to be a statute of limitations which must be pled in order to be enforced. Fuller v. Qualls, 241 Ala. 673, 4 So.2d 418 (1941); Sharpe v. Booker, 263 Ala. 592, 83 So.2d 313 (1955). Hollis did not contest the probate of the will in Marion County and did not plead § 43-8-161.
The present interpleader action is not the proper forum for Hollis to raise § 43-8-161 as a defense. To raise § 43-8-161 in the instant action would be to bring a collateral attack on the probate proceedings in Marion County. A judgment or decree of probate may not be collaterally attacked or impeached unless plainly void or made without jurisdiction. Smith v. Mitchell, 269 Ala. 463,114 So.2d 149 (1959); Tipton v. Tipton, 257 Ala. 32, 57 So.2d 94 (1951).
The probate of the will of Lessie Jones was within the jurisdiction of the Probate Court of Marion County and because Hollis did not contest it or timely remove the probate to the Circuit Court of Marion County, she may not assert § 43-8-161 in this proceeding in an attempt to collaterally attack the probate of the will.
Hollis next contends that title to the property never vested in Bob Jones because Bob Jones died before the will was probated.
It has been held that the rights of those claiming under a will become fixed at the death of the testator. 96 C.J.S. Wills § 1098 (1957). Upon the probate of the will these rights relate back to the death of the testator. This Court has held that “[a] will must be held to speak from [the] testator’s death, and whatever estate he then possessed must be held to pass according to its terms.” Caldwell v. Caldwell, 204 Ala. 161, 85 So. 493 (1920). See also, Jef-fries v. Boyd, 269 Ala. 177, 112 So.2d 210 (1959). Accordingly, we find that the will should relate back to the date of death of Lessie Jones. Bob Jones, therefore, ab ini-tio became the owner of the property, less only that interest which was divested because of the 1981 Hollis-Smithart-Clark conveyance and the operation of § 43-1-49.
Moreover, under the after-acquired-title doctrine, when a vendor sells land by warranty deed and afterwards acquires good title to the land, it passes to his vendee. State v. Mobile & O.R. Co., 201 Ala. 271, 78 So. 47 (1918); Cobbs v. Union Naval Stores, 202 Ala. 333, 80 So. 415 (1918).
Finally, Hollis contends that Fred Wallace should be equitably estopped from asserting a claim to the subject property because he did not probate the will within a reasonable time.
As we have stated above, we find that Fred Wallace is entitled to the property, less only the interest held by Nolan Clark. Any questions relating to the timeliness of *878 the will probate should have been raised by appellant at the probate proceedings in Marion County and not in the instant proceedings.
We therefore find that the decision of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, BEATTY and HOUSTON, JJ., concur.