PITTMAN, Judge,
concurring specially.
In Knox v. Paull, 95 Ala. 505, 11 So. 156 (1891), our Supreme Court, interpreting the predecessor of Ala.Code 1975, § 43-8-199, stated that that statute “provides ... a special mode of avoiding the effect of the judgment of the Probate Court admitting the instrument to probate” and that “it was the intention of the statute to afford the further opportunity of contesting the will in the Chancery Court ... to any person interested in the will, who either did not have, or did not avail himself of the opportunity to contest it in the Probate Court.” 95 Ala. at 508, 509, 11 So. at 157, 158 (emphasis added). The Supreme Court added:
“Good reasons may be suggested for affording this additional opportunity to contest the validity of a will which has been regularly admitted to probate after due notice to all parties in interest. The application to prove the will usually follows close upon the death of the testator. The application comes on for hearing as soon as the short prescribed terms of notice have expired. It must frequently happen that persons interested in the proceeding are wholly unable, while it is pending, to inform themselves as to the instrument offered for probate, or of the circumstances attending its execution. Facts affecting its validity may be developed afterwards, and the failure to discover them, or to obtain the evidence to prove them, may have been without the fault or any lack of diligence on the part of those interested in making a contest. In view of such contingencies, there is manifest propriety and justice in allowing a reasonable time after a formal and regular probate, for a *716 contest of the validity of the will by one who did not make a contest in the Probate Court. We have no doubt that this was the intention of the statute.”
95 Ala. at 509-10, 11 So. at 158. Thus, § 43-8-199 allows a party to collaterally attack a decision of a probate court to admit a will to probate by initiating a new proceeding in the appropriate circuit court.
Hollis v. Wallace, 481 So.2d 875 (Ala.1985), relied upon by Harden, is not inconsistent. In that case, a party claiming an interest in an estate as to which a will had been probated in Marion County attempted to assert, in interpleader proceedings brought in the Lamar Circuit Court involving the ownership of royalties from oil production from estate property, that the will was invalid. However, the aggrieved party did not assert a contest in the Marion Probate Court before the will was admitted to probate, and she did not bring an independent action in the Marion Circuit Court under § 43-8-199 within six months of the admission of the will to probate, although she did cause the probate proceedings to be removed to circuit court over a year after admission of the will to probate. The Supreme Court, holding that § 43-8-199 “provides the sole remedy where a person interested in an estate fails to join a will contest in probate court,” 481 So.2d at 877, held that the removal petition, to the extent that it could be viewed as contesting the will, was untimely, and that the Lamar Circuit Court, therefore, properly concluded that the pertinent will that had been admitted to probate in Marion County was valid.
It may well prove economical, in our merged system of law and equity, for a case pending in a probate court to be removed to a circuit court if a will contest is lodged in the manner envisioned by § 43-8-199. However, the failure to seek removal does not affect the circuit court’s independent jurisdiction to consider such a will contest. I therefore concur in the main opinion.
CRAWLEY, P.J., concurs.